IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE GRIMES | : | |
| Plaintiff, | : : : | |
| vs. | : : | CIVIL ACTION NO. 2:23-cv-3357-KNS |
| IMMACULATA UNIVERSITY | : : | |
| Defendant. | : : : : : | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND ENTRY TO THE PREMISES LOCATED AT 1145 WEST KING ROAD IN IMMACULATA, PENNSYLVANIA AND TO EXTEND BY SIXTY DAYS ALL SCHEDULING ORDER DEADLINES**

Plaintiff, by and through her undersigned counsel, Griesing Mazzeo Law, LLC, hereby files this Motion to Compel Discovery Responses and Entry to the Premises Located at 1145 West King Road in Immaculata, Pennsylvania against Defendant Immaculata University and to Extend by Sixty Days All Scheduling Order Deadlines, pursuant to Rule 37 of the Federal Rules of Civil Procedure and, in support thereof, avers as follows:

1. On August 28, 2023 Plaintiff Diane Grimes ("Plaintiff" or "Professor Grimes") filed the instant action against her employer, Immaculata University ("Immaculata" or "the University") asserting claims of unlawful age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), unlawful gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Title IX of the Education Amendments of 1972 ("Title IX"), unequal pay in violation of the Equal Pay Act, 29

U.S.C. § 206 *et seq.*, violation of the Pennsylvania Human Relations Act 43 P.S. § 951 ("PHRA"), breach of contract, conversion, and intentional infliction of emotional distress (ECF No. 1).

2. On September 28, 2023 Immaculata filed an Answer to Plaintiff's Complaint (ECF No. 8) and this Court directed the parties to meet and confer pursuant to Fed. R. Civ. P. 26(f) and submit a report of their meeting no later than seven days before the Initial Pretrial Conference (ECF No. 9).

3. As part of that report, in reference to settlement, the parties listed they would be open to settlement discussions before Your Honor's Magistrate, but agreed it would be more beneficial to do so after the conclusion of written discovery (ECF No. 13).

4. Following the status conference held on or about October 25, 2023, pursuant to Fed. R. Civ. P. 16, this Court entered a Scheduling Order (ECF No. 15) that, *inter alia*, required the parties to complete factual discovery by February 26, 2024.

5. On October 10, 2023 Plaintiff propounded Immaculata with Plaintiff's First Set of Requests for Production of Documents and Entry Upon Land for Inspection Directed to Defendant Immaculata University Pursuant to Fed. R. Civ. P. 34, attached hereto as **Exhibit "A"**, and Plaintiff's First Set of Interrogatories Directed to Immaculata University Pursuant to Fed. R. Civ. P. 33, attached hereto as **Exhibit "B"** (together "Plaintiff's Discovery Requests").

6. On November 8, 2023 Immaculata contacted Plaintiff to request to a one-week extension for Immaculata to respond to Plaintiff's Interrogatories and Request for Production of Documents, to which Plaintiff consented. *See* Email Exchange between counsel of record on November 8, attached hereto as **Exhibit "C."**

7. On November 16, 2023, Immaculata again contacted Plaintiff to request an additional extension until November 22, 2023, to which Plaintiff again agreed. *See* Email Exchange between counsel of record on November 16, attached hereto as **Exhibit "D."**

8. On November 22, 2023 (the previously agreed and repeatedly extended due date) Immaculata contacted Plaintiff's counsel to inform her that Defendant was still working on responding to Plaintiff's Discovery Requests and would "aim[…] to provide" them the following Monday, November 27, 2023. *See* Email Exchange between counsel of record on November 22, attached hereto as **Exhibit "E."**

9. On November 27, 2023 (the new, thrice extended due date) Immaculata contacted Plaintiff's counsel at 11:00P.M. to inform them that Immaculata planned to serve Defendants discovery responses the next day, November 28, 2023. *See* Email Exchange between counsel of record on November 27, attached hereto as **Exhibit "F."**

10. Finally, on November 28, 2023, Immaculata served its responses to Plaintiff's Discovery requests, attached hereto as **Exhibits "G"** and **"H."**

11. Despite the serial extensions taken by Immaculata, its responses to Plaintiff's Discovery Requests were disappointingly far from complete. Specifically, Immaculata produced only 446 Bates stamped documents (many of which were already in Plaintiff's possession) in response to Plaintiff's 52 Document Requests and relied almost solely on boilerplate objections in response to Plaintiff's 20 Interrogatories. Virtually every one of Immaculata's discovery responses is inadequate and at issue.

12. As a result, Plaintiff sent Immaculata a discovery deficiency letter on December 5, 2023 outlining a few of Immaculata's exemplary deficiencies and seeking a time when counsel

could have a meet and confer session and go over each response individually. *See* Plaintiff's December 5, 2023 Discovery Deficiency Letter attached hereto as **Exhibit "I."**

13. On December 6, 2023 Defendant's counsel emailed Plaintiff's counsel expressing her willingness to engage in a meet and confer session with the condition that Plaintiff delineate which specific Discovery Requests were at issue. *See* Email Exchange between counsel of record on December 6-7, attached hereto as **Exhibit "J."** On December 7, 2023 Plaintiff's counsel emailed Defendant a complete list of the inadequate responses. *See id.*

14. The parties held a meet and confer session via telephone on December 11-12, 2023 and analyzed each request individually.

15. On December 13, 2023 the parties attended a status conference with Your Honor and expressed their commitment to resolving discovery disputes in good faith (ECF No. 17).

16. Following counsel's meet and confer session, Plaintiff sent Immaculata a detailed letter on December 15, 2023 enumerating each individual deficiency and each party's position as discussed on the call. *See* Plaintiff's December 15 letter attached hereto as **Exhibit "K."**

17. After receiving no response, counsel for Plaintiff sent a third letter to Immaculata on January 12, 2023 informing them, *inter alia*, that if the University did not provide the outstanding discovery responses by Wednesday, January 17, 2023, Plaintiff would move forward with filing a motion to compel Defendant's discovery responses with the Court. *See* Plaintiff's January 12 letter attached hereto as **Exhibit "L."**

18. To date, Immaculata has not responded to any of Plaintiff's aforementioned correspondence and refuses to provide Plaintiff with information solely in the possession of Immaculata and necessary to calculate Plaintiff's damages.

19. Specifically, by way of example, Immaculata failed to provide Professor Grimes' employment file (Immaculata only provided up to 2014), information related to Immaculata's pay structure and the pay of similarly situated male professors as well as any evidence of Human Resources complaints (which Immaculata alleges occurred) related to Professor Grimes.

20. Additionally, Immaculata informed Plaintiff's counsel during the December 12, 2023 meet-and-confer session that it would be maintaining its position of relying on objections as to Plaintiff's requests to inspect the offices of similarly situated males at the University.

21. As will be discussed more fully in the accompanying Memorandum of Law, the aforementioned categories of Plaintiff's Discovery Requests are standard discovery requests in employment matters and are relevant to the claims and defenses in this matter.

22. Additionally, the state of similarly situated male professors' offices is directly relevant to the discriminatory cleaning that is at the cornerstone of this litigation.

23. As explained above, Defendant was propounded with Plaintiff's Discovery Requests on October 10, 2023 and to date, more than three months later, has failed or refused to serve Plaintiff with responsive documents as well as the right to enter Immaculata's campus for the inspection of male offices and continues to refuse to respond to Plaintiff's repeated requests to resolve these issues in good faith.

24. Based on the foregoing, Plaintiff respectfully requests an Order compelling Defendant to provide Plaintiff with answers and documents responsive to her requests.

25. In addition, more than three months have elapsed since Plaintiff served the Discovery Requests and Defendant's failure to provide meaningful responses prevents Plaintiff from conducting depositions efficiently, preparing its expert reports, further evaluating the case for settlement as directed by the Court and prepare for trial. Accordingly, Plaintiff respectfully

requests that the February 26, 2024 deadline for fact discovery and all other deadlines be extended for sixty (60) days to allow Plaintiff a full and fair opportunity to complete discovery and prepare for trial.

26. Additionally, Fed. R. Civ. P. 37(a)(5)(A) states that "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees […]."

27. Based on Fed. R. Civ. P. 37(a)(5)(A), the Court should also award Plaintiff all costs incurred by Plaintiff in bringing and prosecuting this Motion, including an award of reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Diane Grimes, respectfully moves pursuant to Fed. R. Civ. P. 37 for an Order: (a) compelling Defendant Immaculata University to serve full and complete responses to Plaintiff's Discovery Requests within two (2) weeks of this Order; (b) compelling Defendant Immaculata University to meet and confer with Plaintiff's counsel within two (2) weeks of this order to set a date for Plaintiff's inspection of Immaculata's campus; (c) extending by sixty days all previously set deadlines in the Scheduling Order dated October 26, 2023; (d) awarding all costs incurred by Plaintiff in bringing and prosecuting the Motion, including an award of reasonable attorneys' fees and costs, to be ascertained upon further application to the Court; and (e) stating that noncompliance with the Order will result in the imposition of additional discovery sanctions pursuant to Fed. R. Civ. P. 37(b)(2).

Dated: January 24, 2024                               Respectfully submitted,

                                                      **GRIESING MAZZEO LAW, LLC**

By:     */s/ Melissa Hazell Davis, Esq.*
        Francine Friedman Griesing, Esq.
        Melissa Hazell Davis, Esq.
        Jessica L. Tarapchak, Esq.
        Identification Nos. 48982, 318298, 333122
        1880 John F. Kennedy Boulevard, Suite 1800
        Philadelphia, PA 19103
        PH: (215) 618-3720
        F: (215) 814-9049
        fgriesing@griesingmazzeo.com
        mdavis@griesingmazzeo.com
        jtarapchak@griesingmazzeo.com
        *Attorneys for Plaintiff Diane Grimes*