# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DIANE GRIMES** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **vs.** : | **CIVIL ACTION NO. 2:23-cv-3357** |
| : | |
| **IMMACULATA UNIVERSITY** : | |
| : | |
| **Defendant.** : | |
| : | |

**PLAINTIFF DIANE GRIMES' FIRST REQUESTS FOR PRODUCTION OF
DOCUMENTS AND ENTRY UPON LAND FOR INSPECTION DIRECTED TO
DEFENDANT IMMACULATA UNIVERSITY PURSUANT TO FED. R. CIV. P. 34**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Diane Grimes ("Professor Grimes" or "Plaintiff"), by and through her undersigned counsel, requests that Defendant, Immaculata University ("Immaculata," the "University," or "Defendant"), produce each of the following specified documents in its possession, custody or control as defined below, within 30 days of the date of service to the offices of Griesing Mazzeo Law, LLC, 1880 John F. Kennedy Blvd., Suite 1800, Philadelphia, PA 19103.

In addition, Plaintiff requests that Defendant permit entry upon and inspection of the subject premises, pursuant to Rule 34 of the Federal Rules of Civil Procedure. The date and time of said inspection is to be scheduled at a date agreeable to counsel within five days after Defendant's Response has been served concerning Plaintiff's Request to enter upon Defendant's premises.

### **DEFINITIONS**

A.      "Possession, custody, or control" of documents means possession, custody or control, or right to possession, custody or control, by the Responding Party, including its agents, attorneys, and all other persons acting or purporting to act on its behalf.

B.      "Document" means all originals and all non-identical copies of any document as defined by Fed. R. Civ. P. 34(a), including all matter of any kind or character constituting the recording of any communication upon any tangible thing by any means, which are in your possession, custody, or control and known by you to exist.

C.      "You" or "your" means the Responding Party, its agents and representatives.

D.      "All documents" means every document defined above, whether an original or a copy, and whether or not in your possession, custody or control, which is known to you and every document which can be located or discovered by reasonably diligent efforts.

E.      "Correspondence" means letter, memorandum, e-mail, test message, instant message or any other method used to communicate among individuals or business entities.

F.      "Including" means including but not by way of limitation.

G.      The conjunctions "and" and "or" shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any document otherwise within the scope of any request.

H.      "Relates to," "relating to," "concerns" or "concerning" means referring to, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way either directly or indirectly, and either in whole or in part.

I.      "Inspection" means the process characterized by a systematic and thorough examination of a designated area or object to assess its condition, quality, and/or compliance with relevant University polices.  Any "inspection" will encompass the right of Plaintiff to document the specified area as well as its entrance through photography and videography.

### INSTRUCTIONS

A.      Your production in response to the following document requests is to be supplemented to the fullest extent required by the Federal Rules of Civil Procedure, and each such document request shall be construed to include any supplemental documents responsive to the document request which later is discovered by you or otherwise becomes available.  Unless otherwise specified, these requests for production relate to documents created or relating to the period from January 1, 2018 to the present.

B.      In responding to the following document requests, you are instructed to furnish any information that is in your possession, custody or control, and is available to you by the exercise of reasonable diligence.

C.      In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any document request or part thereof, and information is not provided on the basis of such assertion:

(1)      In asserting the privilege, the responding party shall, in the objection to the document request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

(2)      The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

3

      (a)     for oral communications:

            (1)     the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

            (2)     the date and place of the communication; and

            (3)     the general subject matter of the communication.

      (b)     for documents:

            (1)     the type of document,

            (2)     the general subject matter of the document,

            (3)     the date of the document, and

            (4)     such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

D.     If any document request posed herein requires the disclosure of information that you claim to be privileged or otherwise not properly discoverable, produce as many responsive documents as possible, by redaction or otherwise, so as to avoid the disclosure of information that you claim to be privileged or otherwise not properly discoverable, and state the reason for your objection to producing and not redacting any withheld responsive documents.

E.     If you believe that a document request is vague, ambiguous, broad or unduly burdensome, you are invited to timely contact the undersigned counsel to resolve the ambiguity or minimize the burden, otherwise Defendant will understand your production to be full and complete.

F.      If in responding to these document requests, you claim any ambiguity in interpreting either the document request itself or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but there shall be set forth as part of your response the language deemed to be ambiguous and the interpretation chosen or used in responding and producing documents responsive to the request.

G.      If any document request cannot be responded to in full, respond to the extent possible and specify the reasons for your inability to fully respond.

H.      Each document request is to be responded to separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each document request as fully as possible with respect to the information available to you at the time of your response.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      All documents that relate or refer to Plaintiff's employment by Immaculata including, without limitation, all documents that relate or refer to Plaintiff's responsibilities and the terms and conditions of her employment by Immaculata, any feedback, comments, complaints or allegations about Professor Grimes' performance at Immaculata, changes in Professor Grimes' duties and responsibilities, any information about Professor Grimes in any other context relating to her employment by Immaculata, and any investigation into Professor Grimes.

2.      All documents relating to any changes in the terms and conditions, positions, and job duties of Professor Grimes' employment with Immaculata, including, but not limited to, entire personnel files, agreements, contracts, memoranda, correspondences, performance reviews, warnings, disciplinary actions, and termination notices.

3.      All documents relating to any grievance and/or external or internal complaint regarding Plaintiff that was filed at any time while Plaintiff was employed by Defendant including, without limitation, Defendant's investigation file, notes of investigations, reports or other documents relating thereto.

4.      All documents relating to any statement, oral or written, that anyone made regarding Plaintiff.

5.      All documents relating to any communication between Immaculata and anyone outside of Immaculata about Plaintiff.

6.      All documents that evidence any communications, including emails and/or notes of conversations, that relate to Defendant's decision to enter Professor Grimes' assigned on campus office during the summer of 2022 for any purpose, to clean her office, open locked file cabinets in the office, to dispose of trash or give away anything found in her office or otherwise interfere with Professor Grimes' belongings in her on campus office.

7.      All documents relating or referring to any investigation into the events that occurred in connection with the entry into Professor Grime's on campus office from the summer of 2022 to the present including, without limitation, any notes, reports, statements or other items prepared by campus security personnel or provided to law enforcement.

8.      All documents reflecting any instance in which Immaculata or anyone acting on behalf of or at the direction of Immaculata entered the on-campus office of a faculty member for the purpose or cleaning, organizing, removing, discarding, trashing, incinerating or destroying items maintained or stored in said office.

9.      All documents that relate or refer to any Immaculata policy regarding making an inventory, list or other record of the contents of any office on campus whether in connection with the removing or discarding of any contents or for any other purpose.

10.     All photographs, videos, recordings or other depictions in any medium of the condition or contents of Professor Grimes' on campus office or any area in which art is instructed or art or art supplies are stored.

11.     All documents that relate or refer to any Immaculata policy regarding providing faculty or administration with computers, laptops, cell phone, tablets, printers or other devices to be used in connection with performing their work.

12.     All documents regarding the compensation of tenured faculty and other instructors at Immaculata, including without limitation, any studies, review or reports of faculty/instructor compensation and comparisons of compensation paid to different faculty/instructors.

13.     All documents reflecting any complaints by any faculty or administration personnel about mistreatment, discrimination, harassment or retaliation by Immaculata.

14.     All communications sent, received or exchanged between or on behalf of Sean Flannery, Sister Elaine Glanz, Angela Tekely, and/or Barbara Lettiere, on the one hand, and Professor Grimes, on the other hand.

15.     All communications sent, received or exchanged between or on behalf of Sean Flannery, Sister Elaine Glanz, Angela Tekely, and/or Barbara Lettiere referencing Professor Grimes in any way.

16.     All communications by Sean Flannery or Sister Elaine Glanz with any faculty or instructors teaching any Art course from January 1, 2022 to the present.

17.     All documents and things removed from the on-campus office of Professor Grimes.

7

18.     All documents that relate to or evidence the reasons for Plaintiff's change of duties and position by Defendant.

19.     All documents that support or refute Plaintiff's contention that she suffered compensable damages as alleged in the Complaint or in her Initial Disclosures.

20.     All documents that relate to or evidence the employment of Leanne Grimes at the University, including all documents relating to her performance, compensation, course assignments and the reasons why the University has cut the number of courses offered to Leanne Grimes to teach.

21.     All testifying expert reports generated in connection with this litigation and any documents upon which the expert report is based.

22.     All curricula vitae, retention agreements, and billing records of any individual[s] you have retained to be a testifying expert in this matter.

23.     All communications you have had with anyone about Plaintiff not produced in your response to other requests.

24.     All documents that evidence, reflect or memorialize all personnel policies and procedures of Defendant including, but not limited to:

    a.   Internal complaint or grievance procedures, including complaints of wrongdoing by employees;

    b.   Complaint procedures;

    c.   Employee handbooks or policies; and

    d.   Defendant's expectations as to employee performance and training on expectations.

e.   Defendant's expectations as to how employees must maintain their offices and how Immaculata handles or treats the personal belongings within faculty offices at the University.

25.   All documents that relate or refer to any evaluation or review of Plaintiff's professional ability, competence or performance.

26.   All documents relating or referring to any complaints lodged to or with the University or any of its employees by any employee who commented on, complained about or communicated about Plaintiff's performance.

27.   All documents relating or referring to the bases on which Defendant decided to remove Plaintiff from her position as Art Program Director and the identity of all persons involved in making that decision, including, without limitation, documents relating or referring to communications with Plaintiff about the reasons for her termination from her position as Art Program Director.

28.   All documents relating or referring to any other complaints about Defendant's employees as to discrimination, harassment or retaliation and the resulting investigations, with the reports and disciplinary action taken.

29.   All agreements or policies to which Defendant contends that Plaintiff was bound as a condition of her employment.

30.   All documents relating to the application or selection process for demotion or termination of a position, including but not limited to a Program Director at Immaculata.

31.   All documents relating to any equal opportunity, harassment, bullying, and discrimination training or education you provide to all Immaculata employees and administration,

including, but not limited to, policies, training materials, videotapes, records of training attendance, and handbooks.

32.     All documents and communications related to Immaculata's investigation into Plaintiff's discrimination and retaliation claims, including, but not limited to, witness statements, reports, or resulting actions by Immaculata.

33.     All documents that relate to the policies and procedures for raising a complaint of race, national origin, sex, religious, age, disability discrimination, or retaliation, and all documents that refer or relate to Immaculata's procedures for investigating and addressing such complaints.

34.     All documents that relate to the policies and procedures for maintaining, storing, and using any office designed for faculty, staff, or administration use at Immaculata.

35.     All documents that relate to the policies and procedures for entering any faculty office without prior notice or authorization from the faculty member to which the office is assigned.

36.     All documents that relate to the investigation of Plaintiff's incident report on September 12, 2022, including, but not limited to, the report prepared by the Head of Security Joseph Kaylin and any statements, reports, or records provided to law enforcement.

37.     All documents that relate to the policies and procedures for reviewing a professor's authored book for course curriculum use or for acknowledging, recognizing, celebrating or otherwise promoting book publication by a member of Immaculata's faculty.

38.     All documents that relate to the committee review of Plaintiff's book for course curriculum use, including, but not limited to, the names of committee members, notes of investigations, findings, reports, any transcripts or notes about commentaries, or other documents relating thereto.

39.     All documents that relate to the policies and procedures for providing professors with all the necessary tools and resources to fulfill their duties, including, but not limited to, a computer and printer.

40.     All documents that relate to the policies and procedures for faculty use of campus overnight guest rooms and all records of any usage by faculty or administration of the on campus overnight guest rooms and the charges for such usage, if any.

41.     All documents that relate to the policies and procedures for professors teaching in a virtual or remote manner.

42.     All documents that relate to the policies and procedures for displaying posters at Immaculata by professors, administrators, and all other staff members.

43.     Please make the faculty office of Diane Grimes located at Loyola 323, Immaculata University, 1145 West King Road, Immaculata, PA 19345 available for inspection on a date and time agreeable to Plaintiff's counsel and scheduled within five days of the service of Defendant's Response to this Request.

44.     Please make the faculty office of Sean Flannery located at Faculty Center 22, Immaculata University, 1145 West King Road, Immaculata, PA 19345 available for inspection on a date and time agreeable to Plaintiff's counsel and scheduled within five days of the service of Defendant's Response to this Request.

45.     Please make the faculty office of Steven Miles located at Immaculata University, 1145 West King Road, Immaculata, PA 19345 available for inspection on a date and time agreeable to Plaintiff's counsel and scheduled within five days of the service of Defendant's Response to this Request.

46.     Please make the faculty office of William E. Watson located at Faculty Center 21,

11

Immaculata University, 1145 West King Road, Immaculata, PA 19345 available for inspection on a date and time agreeable to Plaintiff's counsel and scheduled within five days of the service of Defendant's Response to this Request.

47.     Please make the faculty office of William Carr located at Villa Maria - Music Hall 1, Immaculata University, 1145 West King Road, Immaculata, PA 19345 available for inspection on a date and time agreeable to Plaintiff's counsel and scheduled within five days of the service of Defendant's Response to this Request.

48.     Please make the art department area, art storage closets and classrooms where art is taught located at 1145 West King Road, Immaculata, PA 19345 available for inspection on a date and time agreeable to Plaintiff's counsel and scheduled within five days of the service of Defendant's Response to this Request.

49.     All documents relating or referring to any communications with any third parties about Plaintiff.

50.     All documents you intend on offering as exhibits at depositions and/or at trial of this matter.

51.     All documents identified in your Initial Disclosures.

52.     All documents that are referenced or quoted in Defendant's Answer to the Complaint.

Dated: October 10, 2023                    Respectfully submitted,


                                           **GRIESING MAZZEO LAW, LLC**

                                   By:     */s/ Melissa Hazell Davis*
                                           Francine Friedman Griesing, Esq.
                                           Melissa Hazell Davis
                                           Jessica L. Tarapchak, Esq.
                                           Identification Nos. 48982, 318298, 333122

                                           12

1880 John F. Kennedy Boulevard, Suite 1800
Philadelphia, PA 19103
PH: (215) 618-3720
F: (215) 814-9049
fgriesing@griesingmazzeo.com
mdavis@griesingmazzeo.com
jtarapchak@griesingmazzeo.com
*Attorneys for Plaintiff Diane Grimes*

## **CERTIFICATE OF SERVICE**

I, Melissa Hazell Davis, Esq., hereby certify that on October 10, 2023, I caused a true and correct copy of the foregoing Plaintiff Diane Grimes' First Requests For Production Of Documents And Entry Upon Land For Inspection Directed to Defendant Immaculata University to be served via electronic mail upon the following counsel of record:

Gregory S. Hyman
Eileen Monaghan Ficaro
Frantz J. Duncan
1650 Market Street, Suite 4800
Philadelphia, PA 19103
ghyman@kdvlaw.com
eficaro@kdvlaw.com
frantz.duncan@kdvlaw.com
*Counsel for Defendant Immaculata University*


*/s/ Melissa Hazell Davis*
Melissa Hazell Davis, Esq.

14

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DIANE GRIMES,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION NO. 2:23-cv-3357** |
| **v.** : | |
| : | |
| **IMMACULATA UNIVERSITY** : | |
| : | |
| **Defendant.** : | |
| : | |

**PLAINTIFF DIANE GRIMES' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT IMMACULATA UNIVERSITY PURSUANT TO FED. R. CIV. P. 33**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Diane Grimes ("Professor Grimes" or "Plaintiff"), by and through her undersigned counsel, hereby requests that Defendant, Immaculata University ("Immaculata," the "University," or "Defendant"), answer the following Interrogatories under oath within thirty (30) days of service of these Interrogatories. These Interrogatories shall be deemed to be continuing so as to require supplemental answers if Defendant, or anyone acting on her behalf, obtains further or corrected information between the time the answers are served and the time of trial.

## DEFINITIONS

A. "Possession, custody, or control" of documents means possession, custody or control, or right to possession, custody or control, by Defendant, including its agents, employees, attorneys, and all other persons acting or purporting to act on his behalf.

B. "Document" means all originals and all non-identical copies of any document as defined by Fed. R. Civ. P. 34(a), including all matter of any kind or character constituting the

recording of any communication upon any tangible thing by any means, which are in your possession, custody, control and known by you to exist.

C.      "You" or "your" means Defendant Immaculata University, its agents, employees, and representatives or anyone under your control or acting on your behalf.

D.      "Complaint" means the Complaint filed by Plaintiff Diane Grimes in the United Stated District Court for the Eastern District of Pennsylvania on August 28, 2023, Case No. 2:23-cv-03357-KNS.

E.      "All documents" means every document defined above, whether an original or a copy, and whether or not in your possession, custody or control, which is known to you and every document which can be located or discovered by reasonably diligent efforts.

F.      "Correspondence" means letter, memorandum, e-mail, text message, or any other method used to communicate among individuals or business entities.

G.      "Including" means including but not by way of limitation.

H.      The conjunctions "and" and "or" shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any document otherwise within the scope of any request.

I.      "Relates to," "relating to," "concerns" or "concerning" means referring to, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way either directly or indirectly, and either in whole or in part.

J.      "Identify" shall mean, when used in reference to:

        a.      A natural person - to set forth his or his full name, present or last known residence and business addresses, residence and business telephone numbers, occupation and business title, both at the present time and during the time to which the response refers.

2

b.      A company, corporation, association, joint venture, sole proprietorship, firm, partnership, or any other business or legal entity not a natural person - to set forth its full name, address, and principal place of business both at the present time and during the time to which the response refers.

c.      A document - to set forth a description with sufficient particularity that such document may thereafter be specified and recognized as such.

d.      Any other thing - to set forth a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

### INSTRUCTIONS

A.      Your answers to the following Interrogatories are to be supplemented to the fullest extent required by the Federal Rules of Civil Procedure, and each such Interrogatory shall be construed to include any supplemental information, knowledge, or data responsive to the Interrogatory that later is discovered by you or otherwise becomes available.

B.      Unless specified otherwise, please provide responses for the period from January 1, 2018 through the present.

C.      In responding to the following Interrogatories, you are instructed to furnish any information that is in your possession, custody or control, and is available to you by the exercise of reasonable diligence.

D.      If any Interrogatory posed herein requires the disclosure of information that you claim to be privileged or otherwise not properly discoverable, answer as much of the Interrogatory as does not require the disclosure of information that you claim to be privileged or otherwise not properly discoverable and state the basis for your objecting to answer the remainder of the Interrogatory

E.      If you believe that an Interrogatory is vague, ambiguous, broad or unduly burdensome, you are invited to timely contact the undersigned counsel to resolve the ambiguity or minimize the burden.

F.      In responding to these Interrogatories, if you claim any ambiguity in interpreting either the Interrogatory itself or a definition or instruction applicable thereto, do not use such a claim as a basis for refusing to answer, but rather set forth as part of your answer the language deemed to be ambiguous and the interpretation chosen or used in answering the Interrogatory.

G.      If any Interrogatory cannot be answered in full, answer to the extent possible and specify the reasons for your inability to fully answer.

H.      Each Interrogatory is to be responded to separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each interrogatory as fully as possible.

## <u>INTERROGATORIES</u>

1.      Identify each person that You understand has knowledge of the facts relevant to the subject matter, averments, claims or defenses of this lawsuit, and state for each such person your understanding of what the person knows, whether You intend to call that person as a witness at trial in this matter, and if so, the substance of their anticipated testimony.

2.      Identify each and every testifying expert you have retained in this matter by name, telephone and address and state their opinions relevant to this matter, their basis of those opinions, their credentials upon which they rely for those opinions, and their hourly rates.

3.      Identify any individuals, other than your counsel, with whom you or anyone on your behalf has communicated regarding this lawsuit, the subject matter of this lawsuit, or the allegations of the Complaint.  For each such individual, identify the nature, contents, and date of each such communication. The response to this Interrogatory should include all individuals from whom You or anyone on your behalf have obtained statements and interviews (written, oral, audio-taped) relating to the relevant subject matter and attach a copy of any such statement or interview.

4.      Identify all persons assisting in the preparation of your responses to these Interrogatories.

5.      Identify all documents of which you have knowledge, which relate to, prove, or disprove any of the allegations set forth in the Complaint or defenses asserted in the Answer; and,

if the documents are not in your possession, state with particularity the location and custodian of each such document.

6.      Identify the number and nature of investigations Immaculata has conducted arising out of complaints or allegations made by any Immaculata employee for discrimination, harassment or retaliation against any person.  Include in your response the name of the claimant, identification of the individual against whom the claim was made, a description of the claim and a description of the resolution of the claim.

7.      Identify any training that was provided to any Immaculata employee on discrimination, harassment and retaliation, who attended such training, any materials provided to Immaculata employees related to the training, when it was conducted and who conducted it.

8.      Describe in detail the terms of Plaintiff's employment by Immaculata including all compensation and benefits to which she was ever entitled and any conditions to Plaintiff's receipt of such compensation and benefits.

9.      Describe in detail any allegations or complaints made about Plaintiff of any type made related to her employment at Immaculata.  Include in Your response the person who made the complaint and whether they had ever been subject to discipline, the person to whom the complaint was made, the date of the alleged conduct, the date the complaint was made, the person to whom it was made, whether there is any documentation of the complaint, and what steps were taken, if any, to investigate the complaint.

10.     Describe in detail and identify any documents reflecting any documents or communications with Professor Grimes regarding the condition and/or contents of her on campus office or the art program area, including any instances in which You contend that Professor Grimes was directed or asked to clean or organize her on campus office or the art program area to dispose of any of the contents thereof or notified that You or someone acting on Immaculata's behalf intended to enter Professor Grimes' office when she was not present for any purpose including without limitation to in any way change, remove, discard, destroy, trash, incinerate or otherwise interfere with the contents of her on campus office or the art program area.

11.     With respect to Leanne Grimes, describe in detail and identify any documents relating to courses taught by Leanne Grimes, other work Leanne Grimes provided to Immaculata, compensation paid to Leanne Grimes, changes in the courses she was assigned to teach or the work she was engaged to perform, changes in her compensation, any feedback, reviews or assessments of her performance at Immaculata, and the reasons why Leanne Grimes was no longer assigned to teach courses she previously taught and was removed from any other responsibilities she performed at Immaculata.

12.     Identify any committees or groups, whether informal or formal, at Immaculata that have been assigned to or have engaged in a review of the compensation of faculty, and identify the members of any such committee and group, all documents relating to the work or conclusions of such committee or group, including without limitation any reports relating to disparities in compensation between or among tenured faculty.

13.     Describe Sister Elaine Marie Glanz's employment history with Immaculata. Include in Your response, her hiring date, qualifications, the terms and conditions of her employment including her responsibilities and the compensation and benefits to which she was entitled to in both her previous and current positions.

14.     Identify and describe Your policies and procedures on faculty, administration or other employee discipline when someone at Immaculata violates any such policies and whether Sister Elaine Glanz or anyone else faced any consequences for the entry into Professor Grimes' on campus office during the summer of 2022 and the destruction, incineration, trashing, distribution or other interference with Professor Grimes' personal belongings in her on campus office.

15.     Identify and describe any and all records of any instance in which Immaculata has ever (not only limited to the period since January 18, 2018) entered Professor Grimes' or any other a faculty, administrative or other employee's office to either "clean", organize, rearrange, or seize, destroy, incinerate, trash, take, distribute or otherwise interfere with the contents of said office.  If this has ever occurred, provide the details including (a) the date of said incident; (b) the name and position of the person whose office was entered; (c) the persons who authorized and/or conducted the entry; (d) the disposition of the contents of said office; (d) whether an inventory or other record was made of the contents and state of the office before, during or after the entry; (e) whether the person to whom the office was assigned was notified in advance and the form of such notice; (f) whether the person to whom the office was assigned lodged any complaint regarding the incident; and (g) any compensation provided to the person to who the office was assigned for the loss, discarding, incineration, trashing, distribution, destruction or other interference  with the contents of said office.

16.     Describe in detail whether Immaculata has ever requested or ordered any faculty member, other than Professor Grimes, to share, clean or reorganize their office.  Include in Your response the identity of the person who made the request, the identity of the person to whom the request was directed, when the request was made, and the basis for the request.

17.     Identify and describe the basis for promoting Sister Elaine Marie Glanz to Art Program Director and any documents reflecting feedback on her performance in that role.

18.     Identify and describe in detail why Immaculata (a) did not make an inventory of everything that was removed from Professor Grimes' on campus office at any time; (b) did not store for safekeeping any items removed; (c) offered Professor Grimes' personal belongings to others to take as they wishes; and (d) determined what items to remove, trash, incinerate, destroy, distribute or otherwise dispose of so that such belongings were no longer available to Professor Grimes.  Include in Your response the identity of the person who entered the office, when it occurred, the identity of the person whose office it was, the reason for the unconsented entry and any documentation of such entry.

19.     Identify any Immaculata employee who has access to the keys providing access to all faculty member offices, cabinets, and other locked compartments.

20.     Identify all facts that you contend support or refute any of the affirmative defenses

You asserted in response to the Complaint.


Dated: October 10, 2023

Respectfully submitted,

**GRIESING MAZZEO LAW, LLC**

By:     */s/ Melissa Hazell Davis*
Francine Friedman Griesing, Esq.
Melissa Hazell Davis, Esq.
Jessica L. Tarapchak, Esq.
Identification Nos. 48982, 318298, 333122
1880 John F. Kennedy Boulevard, Suite 1800
Philadelphia, PA 19103
PH: (215) 618-3720
F: (215) 814-9049
fgriesing@griesingmazzeo.com
mdavis@griesingmazzeo.com
jtarapchak@griesingmazzeo.com
*Attorneys for Diane Grimes*

## <u>CERTIFICATE OF SERVICE</u>

I, Melissa Hazell Davis, Esq., hereby certify that on October 10, 2023 I caused a true and correct copy of the foregoing Plaintiff Diane Grimes' First Set of Interrogatories Directed to Defendant Immaculata University to be served via electronic mail upon the following counsel of record:

Eileen Monaghan Ficaro
Gregory S. Hyman
Frantz J. Duncan
1650 Market Street, Suite 4800
Philadelphia, PA 19103
eficaro@kdvlaw.com
ghyman@kdvlaw.com
frantz.duncan@kdvlaw.com
*Counsel for Defendant Immaculata University*

*/s/ Melissa Hazell Davis*
Melissa Hazell Davis, Esq.

# EXHIBIT C

| | |
|---|---|
| **From:** | Eileen Ficaro |
| **To:** | Melissa Hazell Davis |
| **Cc:** | Jessica L. Tarapchak; Frantz Duncan |
| **Subject:** | Grimes v. Immaculata University |
| **Date:** | Wednesday, November 8, 2023 4:15:00 PM |
| **Attachments:** | image663719.png |
| | image278548.png |
| | image141033.png |
| | image121941.png |

---

<span style="color:red">WARNING: This email originated outside of the Firm. DO NOT CLICK links or attachments unless you recognize the sender and *are expecting* the email.</span>

---

Hi, Melissa.

Please let us know if Plaintiff would be agreeable to a one week extension, until November 16, 2023, for Immaculata to respond to Plaintiff's Interrogatories and Request for Production of Documents in this matter.

Thank you for your consideration of this request and kindly contact me if you would like to discuss the above.

Best regards,

Eileen

**Eileen Ficaro**
*Partner*

We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue
to receive emails sent to kdvlaw.com for a period of time.



One Liberty Place, 1650 Market Street
Suite 4800
Philadelphia, PA 19103

Direct:     267-841-5908
Cell:       215-353-3139
Email:      eficaro@kaufmandolowich.com



PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

Please consider the environment before printing.

# EXHIBIT D

| | |
|---|---|
| **From:** | Melissa Hazell Davis |
| **To:** | Eileen Ficaro |
| **Cc:** | Jessica L. Tarapchak; Frantz Duncan; Fran Griesing |
| **Subject:** | RE: Grimes v. Immaculata University |
| **Date:** | Thursday, November 16, 2023 1:55:45 PM |
| **Attachments:** | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |
| | image010.png |
| | image011.png |
| | image012.png |

No problem.  Thank you for granting us the same (5 additional days).


Best,
Melissa
Griesing Mazzeo Law
D: 215.732.3924

---

**From:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Sent:** Thursday, November 16, 2023 1:25 PM
**To:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>
**Cc:** Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>; Frantz Duncan
<frantz.duncan@kaufmandolowich.com>; Fran Griesing <FGriesing@griesingmazzeo.com>
**Subject:** RE: Grimes v. Immaculata University

WARNING: This email originated outside of the Firm. DO NOT CLICK links or attachments unless you
recognize the sender and *are expecting* the email.

Hi, Melissa.

We will likely require a few more days to finalize Immaculata's discovery responses.  Please let me
know if Plaintiff is agreeable to an additional extension until next Wednesday, November 22.  Should
Plaintiff require a corresponding additional extension, Defendant is agreeable to that.

Thank you, and kindly contact me if you would like to discuss the above.

Best regards,

Eileen


**Eileen Ficaro**
*Partner*
We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue
to receive emails sent to kdvlaw.com for a period of time.



One Liberty Place, 1650 Market Street
Suite 4800
Philadelphia, PA 19103

Direct:   267-841-5908
Cell:     215-353-3139
Email:    eficaro@kaufmandolowich.com



PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.
Please consider the environment before printing.

**From:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>
**Sent:** Thursday, November 9, 2023 11:14 AM
**To:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Cc:** Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>; Frantz Duncan <frantz.duncan@kaufmandolowich.com>; Fran Griesing <FGriesing@griesingmazzeo.com>
**Subject:** RE: Grimes v. Immaculata University

[EXTERNAL SENDER]
Eileen – that is fine as long as we can have the same (a one-week extension to respond to Immaculata's discovery requests).

Best,
Melissa
Griesing Mazzeo Law
D: 215.732.3924

**From:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Sent:** Wednesday, November 8, 2023 4:15 PM
**To:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>
**Cc:** Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>; Frantz Duncan <frantz.duncan@kaufmandolowich.com>
**Subject:** Grimes v. Immaculata University

WARNING: This email originated outside of the Firm. DO NOT CLICK links or attachments unless you recognize the sender and *are expecting* the email.

Hi, Melissa.

Please let us know if Plaintiff would be agreeable to a one week extension, until November 16, 2023, for Immaculata to respond to Plaintiff's Interrogatories and Request for Production of Documents in this matter.

Thank you for your consideration of this request and kindly contact me if you would like to discuss the above.

Best regards,

Eileen

**Eileen Ficaro**
*Partner*

We have changed our email addresses to **@KaufmanDolowich.com**. Please update your files with our new contact information. We will continue to receive emails sent to kdvlaw.com for a period of time.



One Liberty Place, 1650 Market Street
Suite 4800
Philadelphia, PA 19103

Direct:    267-841-5908
Cell:      215-353-3139
Email:     eficaro@kaufmandolowich.com



PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

Please consider the environment before printing.

# EXHIBIT E

| | |
|---|---|
| **From:** | Eileen Ficaro |
| **To:** | Fran Griesing |
| **Cc:** | Melissa Hazell Davis; Jessica L. Tarapchak; Frantz Duncan |
| **Subject:** | RE: Grimes v. Immaculata University |
| **Date:** | Wednesday, November 22, 2023 3:05:58 PM |
| **Attachments:** | image749300.png |
| | image101007.png |
| | image673706.png |
| | image438790.png |

---

<span style="color:red">WARNING: This email originated outside of the Firm. DO NOT CLICK links or attachments unless you recognize the sender and *are expecting* the email.</span>

---

Thank you, Fran.  Happy holidays to you, as well.

Best regards,

Eileen

**Eileen Ficaro**
*Partner*
We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue
to receive emails sent to kdvlaw.com for a period of time.



One Liberty Place, 1650 Market Street
Suite 4800
Philadelphia, PA 19103

Direct:   267-841-5908
Cell:      215-353-3139
Email:    eficaro@kaufmandolowich.com



PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

Please consider the environment before printing.

**From:** Fran Griesing <FGriesing@griesingmazzeo.com>
**Sent:** Wednesday, November 22, 2023 3:02 PM
**To:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Cc:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>; Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>; Frantz Duncan <frantz.duncan@kaufmandolowich.com>
**Subject:** Re: Grimes v. Immaculata University

[EXTERNAL SENDER]
Eileen. Melissa is out so in case she does not see this, yes you can have the extension as long it is reciprocal if we need it. She will get back to you on the Confidentiality agreement.  Happy holidays.

Sent from my iPhone


On Nov 22, 2023, at 2:56 PM, Eileen Ficaro <eficaro@kaufmandolowich.com> wrote:

> WARNING: This email originated outside of the Firm. DO NOT CLICK links or attachments unless you recognize the sender and *are expecting* the email.

Hi, Melissa.

We are still working on finalizing Defendant's responses to Plaintiff's Interrogatories and Request for Production of Documents and are aiming to provide them to you on Monday.  Please let us know if you have any objection to that.

In the meantime, Defendant's ability to produce all documents responsive to Plaintiff's discovery requests will depend on whether Plaintiff is agreeable to the Confidentiality Order we proposed.  Please let us know Plaintiff's position on the Confidentiality Order.

Thank you, and kindly contact me if you would like to discuss the above.

Best regards,

Eileen


**Eileen Ficaro**
*Partner*

We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue
to receive emails sent to kdvlaw.com for a period of time.

—

One Liberty Place, 1650 Market Street
Suite 4800
Philadelphia, PA 19103

Direct:    267-841-5908
Cell:       215-353-3139
Email:     eficaro@kaufmandolowich.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential
and/or inside information. Any distribution or use of this communication by anyone other than the
intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient,
please notify the sender by replying to this message and then delete it from your
system.
Please consider the environment before printing.

**From:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Sent:** Thursday, November 16, 2023 1:25 PM
**To:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>
**Cc:** Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>; Frantz Duncan
<frantz.duncan@kaufmandolowich.com>; Fran Griesing
<FGriesing@griesingmazzeo.com>
**Subject:** RE: Grimes v. Immaculata University

Hi, Melissa.

We will likely require a few more days to finalize Immaculata's discovery responses.
Please let me know if Plaintiff is agreeable to an additional extension until next
Wednesday, November 22.  Should Plaintiff require a corresponding additional
extension, Defendant is agreeable to that.

Thank you, and kindly contact me if you would like to discuss the above.

Best regards,

Eileen


**Eileen Ficaro**
*Partner*
We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue
to receive emails sent to kdvlaw.com for a period of time.

—

One Liberty Place, 1650 Market Street
Suite 4800

Philadelphia, PA 19103

Direct:  267-841-5908
Cell:    215-353-3139
Email:   eficaro@kaufmandolowich.com

--
--

PLEASE NOTE: This message, including any attachments, may include privileged, confidential
and/or inside information. Any distribution or use of this communication by anyone other than the
intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient,
please notify the sender by replying to this message and then delete it from your
system.

Please consider the environment before printing.

**From:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>
**Sent:** Thursday, November 9, 2023 11:14 AM
**To:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Cc:** Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>; Frantz Duncan
<frantz.duncan@kaufmandolowich.com>; Fran Griesing
<FGriesing@griesingmazzeo.com>
**Subject:** RE: Grimes v. Immaculata University

[EXTERNAL SENDER]
Eileen – that is fine as long as we can have the same (a one-week extension to respond
to Immaculata's discovery requests).

Best,
Melissa
Griesing Mazzeo Law
D: 215.732.3924

**From:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Sent:** Wednesday, November 8, 2023 4:15 PM
**To:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>
**Cc:** Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>; Frantz Duncan
<frantz.duncan@kaufmandolowich.com>
**Subject:** Grimes v. Immaculata University

WARNING: This email originated outside of the Firm. DO NOT CLICK links or
attachments unless you recognize the sender and *are expecting* the email.

Hi, Melissa.

Please let us know if Plaintiff would be agreeable to a one week extension, until
November 16, 2023, for Immaculata to respond to Plaintiff's Interrogatories and
Request for Production of Documents in this matter.

Thank you for your consideration of this request and kindly contact me if you would like
to discuss the above.

Best regards,

Eileen

**Eileen Ficaro**
*Partner*
We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue
to receive emails sent to kdvlaw.com for a period of time.

One Liberty Place, 1650 Market Street
Suite 4800
Philadelphia, PA 19103

Direct:    267-841-5908
Cell:      215-353-3139
Email:     eficaro@kaufmandolowich.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential
and/or inside information. Any distribution or use of this communication by anyone other than the
intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient,
please notify the sender by replying to this message and then delete it from your
system.

Please consider the environment before printing.

# EXHIBIT F

| | |
|---|---|
| **From:** | Eileen Ficaro |
| **To:** | Melissa Hazell Davis |
| **Cc:** | Frantz Duncan; Jessica L. Tarapchak |
| **Subject:** | RE: Grimes v. Immaculata University |
| **Date:** | Monday, November 27, 2023 11:02:20 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image039980.png |
| | image844681.png |
| | image817453.png |
| | image861630.png |

---

WARNING: This email originated outside of the Firm. DO NOT CLICK links or attachments unless you recognize the sender and *are expecting* the email.

---

Melissa,

We will file the proposed Confidentiality Order with the Court tomorrow.  I was unexpectedly pulled out of the office today, so we plan to serve Defendant's discovery responses tomorrow, as well.

Best regards,

Eileen


**Eileen Ficaro**
*Partner*

We have changed our email addresses to **@KaufmanDolowich.com**. Please update your files with our new contact information. We will continue to receive emails sent to kdvlaw.com for a period of time.



One Liberty Place, 1650 Market Street
Suite 4800
Philadelphia, PA 19103

Direct:    267-841-5908
Cell:      215-353-3139
Email:     eficaro@kaufmandolowich.com



PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

Please consider the environment before printing.

**From:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>
**Sent:** Wednesday, November 22, 2023 2:57 PM
**To:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Cc:** Frantz Duncan <frantz.duncan@kaufmandolowich.com>; Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>
**Subject:** RE: Grimes v. Immaculata University

[EXTERNAL SENDER]
We are fine with the proposed confidentiality order, and you have my approval to affix my signature on it for the submission to the Court.

Have a wonderful thanksgiving.

Best,
Melissa
Griesing Mazzeo Law
D: 215.732.3924

---

**From:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Sent:** Monday, November 20, 2023 1:29 PM
**To:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>
**Cc:** Frantz Duncan <frantz.duncan@kaufmandolowich.com>; Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>
**Subject:** RE: Grimes v. Immaculata University

WARNING: This email originated outside of the Firm. DO NOT CLICK links or attachments unless you recognize the sender and *are expecting* the email.

Melissa,

I am circling back regarding the below.  Please let me know if Plaintiff is agreeable to the proposed Confidentiality Order we sent to you.  Please also feel free to contact me if you would like to discuss it.

Best regards,

Eileen


**Eileen Ficaro**
*Partner*
We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue
to receive emails sent to kdvlaw.com for a period of time.



One Liberty Place, 1650 Market Street
Suite 4800
Philadelphia, PA 19103

Direct:   267-841-5908
Cell:     215-353-3139
Email:    eficaro@kaufmandolowich.com



PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

Please consider the environment before printing.

**From:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Sent:** Wednesday, November 15, 2023 7:16 AM
**To:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>
**Cc:** Frantz Duncan <frantz.duncan@kaufmandolowich.com>; Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>
**Subject:** Grimes v. Immaculata University

Melissa,

Attached please find a proposed Confidentiality Order for this matter.  Please let me know if it is acceptable to you, and if we have your authority to add your electronic signature to it and file it with the Court.

Kindly contact me if you would like to discuss the attached document.

Best regards,

Eileen

**Eileen Ficaro**
*Partner*
We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue to receive emails sent to kdvlaw.com for a period of time.



One Liberty Place, 1650 Market Street
Suite 4800
Philadelphia, PA 19103

Direct:   267-841-5908
Cell:     215-353-3139
Email:    eficaro@kaufmandolowich.com



PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

Please consider the environment before printing.

# EXHIBIT G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE GRIMES, | : | |
| | : | |
| Plaintiff, | : | Case no. 2:23-cv-03357-KNS |
| | : | |
| v. | : | |
| | : | |
| IMMACULATA UNIVERSITY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANT IMMACULATA UNIVERSITY'S RESPONSE TO
## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Immaculata University ("Defendant"), by and through its counsel, Kaufman Dolowich LLP, responds to Plaintiff's Request for Production of Documents as follows:

## GENERAL OBJECTIONS

The general objections listed below are considered applicable to and are incorporated into each and every response by Defendant to Plaintiff's Document Requests and each response is made without waiving any of the general objections. The assertion of any one of these general objections in response to individual Document Requests shall not be considered a waiver of the remaining general objections.

1.     Defendant objects to these Document Requests to the extent they seek information not in its possession, custody, or control.

2.     Defendant objects to these Document Requests to the extent they seek documents and information protected by the work-product doctrine and the attorney-client privilege.

3.     Defendant objects to these Document Requests to the extent they seek information prepared in anticipation of litigation or after the commencement of this litigation.

4.      Defendant objects to these Document Requests to the extent they seek legal opinions or conclusions.

5.      Defendant objects to these Document Requests to the extent they seek documents or information beyond the scope of information which Defendant is required to provide pursuant to the applicable rules of civil procedure and evidence.

6.      Defendant objects to these Document Requests to the extent they are overly broad, unduly burdensome or impose an unreasonable expense.

7.      Defendant objects to these Document Requests to the extent they are vague and ambiguous.

8.      Defendant objects to these Document Requests to the extent they seek documents or information which are not relevant to the lawsuit and which are not reasonably calculated to lead to the discovery of admissible evidence.

9.      Defendant objects to these Document Requests to the extent they seek documents or information to which the Plaintiff's have equal access.

10.     Defendant objects to these Document Requests to the extent they seek "any and all documents" on the grounds that this request is overly broad, unduly burdensome and discovery is ongoing.

11.     Defendant objects to these Document Requests to the extent they require the production of publicly available materials, as the burden of locating, identifying and producing such documents is substantially the same or less for the Plaintiff's than it is for Defendant.

12.     Defendant objects to Plaintiff's "Instructions" and "Definitions" to the extent they seek to impose upon Defendant obligations greater than those imposed by the applicable rules of civil procedure and evidence.

Nothing stated herein shall be construed as an admission by Defendant respecting the admissibility or relevance of any fact or document or as an admission of the truth or accuracy of any characterization of any document of any kind contained in Plaintiff's requests.

These responses are based upon the information available at the present time. Defendant reserves the right to supplement, amend or correct these responses in the event that future discovery reveals facts that will justify such supplementation, amendment or correction.

By making information or documents available in response to the Plaintiff's Document Requests, Defendant does not waive or intend to waive any objections which it may have to Plaintiff's use of these documents and expressly reserves all questions concerning competency, privilege, relevancy, materiality and admissibility of all responses and documents produced and their contents; the right to objects to Plaintiff's use of the responses and to produce documents in whole or in part, or to the subject matter covered thereby at a later stage of proceedings on any grounds set forth herein above; and, the right to object on any and all proper legal grounds at any time to discovery procedures involved in or relating to the subject matter of the responses or documents made available to the parties.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.      All documents that relate or refer to Plaintiff's employment by Immaculata including, without limitation, all documents that relate or refer to Plaintiff's responsibilities and the terms and conditions of her employment by Immaculata, any feedback, comments, complaints or allegations about Professor Grimes' performance at Immaculata, changes in Professor Grimes' duties and responsibilities, any information about Professor Grimes in any other context relating to her employment by Immaculata, and any investigation into Professor Grimes.

> **RESPONSE: Defendant objects to this request to the extent it is overly broad in time in that it seeks documents outside the timeframe of the allegations in the Complaint.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

2.      All documents relating to any changes in the terms and conditions, positions, and job duties of Professor Grimes' employment with Immaculata, including, but not limited to, entire personnel files, agreements, contracts, memoranda, correspondences, performance reviews, warnings, disciplinary actions, and termination notices.

> **RESPONSE: Defendant objects to this request to the extent it seeks documents to which Plaintiff has equal access to.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

3.      All documents relating to any grievance and/or external or internal complaint regarding Plaintiff that was filed at any time while Plaintiff was employed by Defendant including, without limitation, Defendant's investigation file, notes of investigations, reports or other documents relating thereto.

> **RESPONSE: Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent that it is vague and ambiguous in its failure to define the terms "grievance," "complaint," or "filed."  Additionally, Defendant objects to this request to**

4

the extent that it seeks confidential information regarding non-parties to this action.  Subject to and without waiver of the foregoing objections, *see* Defendant's document production.

4.      All documents relating to any statement, oral or written, that anyone made regarding Plaintiff.

> **RESPONSE: Defendant objects to this request to the extent it is overly broad in time in that it seeks documents outside the timeframe of the allegations in the Complaint and is unduly burdensome.  Defendant further objects to this request to the extent that it is vague and ambiguous in terms of its failure to define the term, "statement." Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

5.      All documents relating to any communication between Immaculata and anyone outside of Immaculata about Plaintiff.

> **RESPONSE: Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.  Defendant further objections to this request to the extent that it is overly broad in time and scope and seeks irrelevant information.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

6.      All documents that evidence any communications, including emails and/or notes of conversations, that relate to Defendant's decision to enter Professor Grimes' assigned on campus office during the summer of 2022 for any purpose, to clean her office, open locked file cabinets in the office, to dispose of trash or give away anything found in her office or otherwise interfere with Professor Grimes' belongings in her on campus office.

> **RESPONSE:  Defendant objects to this Request to the extent that it is vague, ambiguous, and premised upon incorrect facts.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

7.      All documents relating or referring to any investigation into the events that occurred in connection with the entry into Professor Grime's on campus office from the summer of 2022 to the present including, without limitation, any notes, reports, statements or other items prepared by campus security personnel or provided to law enforcement.

>    **RESPONSE: Defendant objects to this request to the extent it is overly broad and is unduly burdensome. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.  Additionally, Defendant objects to this Request to the extent that it seeks confidential information.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

8.      All documents reflecting any instance in which Immaculata or anyone acting on behalf of or at the direction of Immaculata entered the on-campus office of a faculty member for the purpose or cleaning, organizing, removing, discarding, trashing, incinerating or destroying items maintained or stored in said office.

>    **RESPONSE: Defendant objects to this request to the extent it is overly broad in time in that it seeks documents outside the timeframe of the allegations in the Complaint and is unduly burdensome. Defendant further objects to this request based on relevance.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

9.      All documents that relate or refer to any Immaculata policy regarding making an inventory, list or other record of the contents of any office on campus whether in connection with the removing or discarding of any contents or for any other purpose.

>    **RESPONSE:  Defendant objects to this Request to the extent that it is vague, ambiguous, overly broad, and seeks irrelevant information.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

10.     All photographs, videos, recordings or other depictions in any medium of the condition or contents of Professor Grimes' on campus office or any area in which art is instructed or art or art supplies are stored.

> **RESPONSE: Defendant objects to this request to the extent it seeks documents to which Plaintiff has equal access to.  Defendant further objects to this Request to the extent that it is overly broad in terms of time and scope.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

11.     All documents that relate or refer to any Immaculata policy regarding providing faculty or administration with computers, laptops, cell phone, tablets, printers or other devices to be used in connection with performing their work.

> **RESPONSE: Defendant objects to this Request to the extent that it is vague, ambiguous, and seeks irrelevant information.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

12.     All documents regarding the compensation of tenured faculty and other instructors at Immaculata, including without limitation, any studies, review or reports of faculty/instructor compensation and comparisons of compensation paid to different faculty/instructors.

> **RESPONSE: Defendant objects to this request to the extent it is overly broad in time and scope, it is unduly burdensome, and it seeks irrelevant information. Defendant further objects to this request to the extent it seeks confidential information regarding non-parties to this action.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

13.     All documents reflecting any complaints by any faculty or administration personnel about mistreatment, discrimination, harassment or retaliation by Immaculata.

> **RESPONSE: Defendant objects to this request to the extent it is vague, ambiguous, overly broad, and seeks irrelevant information. Defendant further objects to this request to the extent it seeks confidential information regarding non-parties to this litigation.  Additionally, Defendant objects to this Request to the extent that it seeks information protected by the attorney-**

client privilege.  Subject to and without waiver of the foregoing objections, *see* Defendant's document production.

14.     All communications sent, received or exchanged between or on behalf of Sean Flannery, Sister Elaine Glanz, Angela Tekely, and/or Barbara Lettiere, on the one hand, and Professor Grimes, on the other hand.

> **RESPONSE**: Defendant objects to this request to the extent it is overly broad, unduly burdensome, and seeks irrelevant information.  Defendant further objects to this Request to the extent that it seeks confidential and proprietary information regarding Defendant and confidential information regarding non-parties to this action.  Defendant also objects to this request to the extent it seeks documents to which Plaintiff has equal access.

15.     All communications sent, received or exchanged between or on behalf of Sean Flannery, Sister Elaine Glanz, Angela Tekely, and/or Barbara Lettiere referencing Professor Grimes in any way.

> **RESPONSE**:  Defendant objects to this request to the extent it is overly broad, unduly burdensome, and seeks irrelevant information.  Defendant further objects to this Request to the extent that it seeks confidential and proprietary information regarding Defendant and confidential information regarding non-parties to this action.  Subject to and without waiver of the foregoing objections, *see* Defendant's document production.

16.     All communications by Sean Flannery or Sister Elaine Glanz with any faculty or instructors teaching any Art course from January 1, 2022 to the present.

> **RESPONSE**:  Defendant objects to this request to the extent it is overly broad, unduly burdensome, and seeks irrelevant information.  Defendant further objects to this Request to the extent that it seeks confidential and proprietary information regarding Defendant and confidential information regarding non-parties to this action.

17.     All documents and things removed from the on-campus office of Professor Grimes.

**RESPONSE: Defendant objects to this Request because it is vague and ambiguous in that it fails to define the applicable time period.  Defendant further objects to this Request to the extent it seeks documents to which Plaintiff has equal access.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

18.    All documents that relate to or evidence the reasons for Plaintiff's change of duties and position by Defendant.

**RESPONSE: Defendant objects to this Request because it is vague and ambiguous in that it fails to define the applicable time period or the "change of duties and position" to which the Request refers.  Defendant further objects to this Request to the extent it seeks documents to which Plaintiff has equal access to. Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

19.    All documents that support or refute Plaintiff's contention that she suffered compensable damages as alleged in the Complaint or in her Initial Disclosures.

**RESPONSE: Defendant objects to this Request to the extent that it calls for a legal conclusion.  Subject to and without waiver of the foregoing objections, Plaintiff did not suffer any compensable damages as a result of any alleged conduct on the part of Defendant and Defendant, therefore, lacks documents supporting Plaintiff's contention that she suffered compensable damages.  By way of further response, Defendant reserves the right to rely on its own document production and any other documents produced by Plaintiff and yielded by third-party discovery to refute Plaintiff's contention that she suffered compensable damages.**

20.    All documents that relate to or evidence the employment of Leanne Grimes at the University, including all documents relating to her performance, compensation, course assignments and the reasons why the University has cut the number of courses offered to Leanne Grimes to teach.

**RESPONSE: Defendant objects to this Request because it is overly broad, unduly burdensome, and seeks irrelevant information.  Defendant further objects to this Request because it seeks confidential information regarding a non-party to this action.**

21.     All testifying expert reports generated in connection with this litigation and any

documents upon which the expert report is based.

> **RESPONSE: Defendant objects to this Request to the extent that it imposes a greater obligation on Defendant than that required by the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Defendant has not yet determined which expert(s), if any, it intends to call to testify on its behalf at the time of trial of this matter and reserves the right to supplement this response.**

22.     All curricula vitae, retention agreements, and billing records of any individual[s]

you have retained to be a testifying expert in this matter.

> **RESPONSE: Defendant objects to this Request to the extent that it imposes a greater obligation on Defendant than that required by the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Defendant has not yet determined which expert(s), if any, it intends to call to testify on its behalf at the time of trial of this matter and reserves the right to supplement this response.**

23.     All communications you have had with anyone about Plaintiff not produced in your

response to other requests.

> **RESPONSE: Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and seeks irrelevant information. Subject to and without waiver of the foregoing objections, *see* Defendant's document production.**

24.     All documents that evidence, reflect or memorialize all personnel policies and

procedures of Defendant including, but not limited to:

a. Internal complaint or grievance procedures, including complaints of wrongdoing by employees;

b. Complaint procedures;

c. Employee handbooks or policies; and

    d.   Defendant's expectations as to employee performance and training on expectations.

    e.   Defendant's expectations as to how employees must maintain their offices and how Immaculata handles or treats the personal belongings within faculty offices at the University.

> **<u>RESPONSE</u>: Defendant objects to this request to the extent it seeks documents to which Plaintiff has equal access to. Defendant further objects to this Request to the extent that it is overly broad, unduly burdensome, seeks irrelevant information, and seeks confidential and proprietary information pertaining to Defendant. Subject to and without waiver of the foregoing objections, *see* Defendant's document production.**

25.    All documents that relate or refer to any evaluation or review of Plaintiff's professional ability, competence or performance.

> **<u>RESPONSE</u>: Defendant objects to this request to the extent it seeks documents to which Plaintiff has equal access to. Subject to and without waiver of the foregoing objections, *see* Defendant's document production.**

26.    All documents relating or referring to any complaints lodged to or with the University or any of its employees by any employee who commented on, complained about or communicated about Plaintiff's performance.

> **<u>RESPONSE</u>: Defendant objects to this request to the extent it is overly broad in that it seeks documents with confidential information of non-parties to this litigation and is unduly burdensome. Subject to and without waiver of the foregoing objections, Defendant incorporates by reference its response to Request No. 1.**

27.    All documents relating or referring to the bases on which Defendant decided to remove Plaintiff from her position as Art Program Director and the identity of all persons involved in making that decision, including, without limitation, documents relating or referring to communications with Plaintiff about the reasons for her termination from her position as Art Program Director.

**RESPONSE: Defendant objects to this Request to the extent that it is overly broad and seeks confidential information regarding non-parties to this action. Defendant further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiver of the foregoing objections, *see* Defendant's document production.**

28.     All documents relating or referring to any other complaints about Defendant's employees as to discrimination, harassment or retaliation and the resulting investigations, with the reports and disciplinary action taken.

**RESPONSE: Defendant objects to this request to the extent it is overly broad, seeks irrelevant information, and seeks documents confidential information regarding non-parties to this action, and is unduly burdensome. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiver of the foregoing objections, *see* Defendant's document production.**

29.     All agreements or policies to which Defendant contends that Plaintiff was bound as a condition of her employment.

**RESPONSE: Defendant objects to this request to the extent it seeks documents to which Plaintiff has equal access. Defendant further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiver of the foregoing objections, *see* Defendant's document production.**

30.     All documents relating to the application or selection process for demotion or termination of a position, including but not limited to a Program Director at Immaculata.

**RESPONSE: Defendant objects to this request to the extent it seeks documents to which Plaintiff has equal access. Subject to and without waiver of the foregoing objections, *see* Defendant's document production.**

31.   All documents relating to any equal opportunity, harassment, bullying, and discrimination training or education you provide to all Immaculata employees and administration, including, but not limited to, policies, training materials, videotapes, records of training attendance, and handbooks.

> **RESPONSE: Defendant objects to this request to the extent it seeks documents to which Plaintiff has equal access to. Defendant further objects to this request to the extent it seeks confidential information.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

32.   All documents and communications related to Immaculata's investigation into Plaintiff's discrimination and retaliation claims, including, but not limited to, witness statements, reports, or resulting actions by Immaculata.

> **RESPONSE: Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.**

33.   All documents that relate to the policies and procedures for raising a complaint of race, national origin, sex, religious, age, disability discrimination, or retaliation, and all documents that refer or relate to Immaculata's procedures for investigating and addressing such complaints.

> **RESPONSE: Defendant objects to this request to the extent it seeks documents to which Plaintiff has equal access.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

34.   All documents that relate to the policies and procedures for maintaining, storing, and using any office designed for faculty, staff, or administration use at Immaculata.

> **RESPONSE: Defendant objects to this request to the extent it seeks documents to which Plaintiff has equal access.  Defendant further objects to this Request to the extent that it is vague and ambiguous.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

35.     All documents that relate to the policies and procedures for entering any faculty office without prior notice or authorization from the faculty member to which the office is assigned.

>    **RESPONSE:** **Defendant objects to this Request because it is overly broad in terms of time and scope and seeks irrelevant information.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

36.     All documents that relate to the investigation of Plaintiff's incident report on September 12, 2022, including, but not limited to, the report prepared by the Head of Security Joseph Kaylin and any statements, reports, or records provided to law enforcement.

>    **RESPONSE:** **Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiver of the foregoing objections,** *see* **Defendant's document production.**

37.     All documents that relate to the policies and procedures for reviewing a professor's authored book for course curriculum use or for acknowledging, recognizing, celebrating or otherwise promoting book publication by a member of Immaculata's faculty.

>    **RESPONSE:** **Defendant objects to this Request because it is overly broad, seeks confidential information, and seeks irrelevant information.  Subject to and without waiver of the foregoing objections, Defendant does not possess any documents responsive to this Request.**

38.     All documents that relate to the committee review of Plaintiff's book for course curriculum use, including, but not limited to, the names of committee members, notes of investigations, findings, reports, any transcripts or notes about commentaries, or other documents relating thereto.

>    **RESPONSE:** **Defendant objects to this Request because it is overly broad, unduly burdensome, seeks confidential information regarding non-parties to this action, and seeks irrelevant information.  Subject to and without waiver**

**of the foregoing objections, DefeNndant does not possess any documents responsive to this Request.**

39.     All documents that relate to the policies and procedures for providing professors with all the necessary tools and resources to fulfill their duties, including, but not limited to, a computer and printer.

> **RESPONSE: Defendant objects to this request as it is overly broad in terms of time and scope, vague in that it fails to define "necessary tools and resources," and seeks irrelevant information. Defendant further objects to this Request to the extent that it seeks confidential and proprietary information pertaining to Defendant and confidential information regarding non-parties to this action.**

40.     All documents that relate to the policies and procedures for faculty use of campus overnight guest rooms and all records of any usage by faculty or administration of the on campus overnight guest rooms and the charges for such usage, if any.

> **RESPONSE: Defendant objects to this request to the extent it seeks documents to which Plaintiff has equal access. Defendant further objects to this Request because it is overly broad in time and scope, seeks confidential information regarding non-parties to this action, and seeks irrelevant information. Subject to and without waiver of the foregoing objections, Defendant does not possess any documents responsive to this Request.**

41.     All documents that relate to the policies and procedures for professors teaching in a virtual or remote manner.

> **RESPONSE: Defendant objects to this request to the extent it seeks documents to which Plaintiff has equal access. Defendant further objects to this Request because it is overly broad in time and scope, it is unduly burdensome, and it seeks irrelevant information. Subject to and without waiver of the foregoing objections, *see* Defendant's document production.**

42.     All documents that relate to the policies and procedures for displaying posters at Immaculata by professors, administrators, and all other staff members.

>**RESPONSE: Defendant also objects to this Request to the extent it seeks documents to which Plaintiff has equal access. Subject to and without waiver of the foregoing objections, *see* Defendant's document production.**

43.     Please make the faculty office of Diane Grimes located at Loyola 323, Immaculata University, 1145 West King Road, Immaculata, PA 19345 available for inspection on a date and time agreeable to Plaintiff's counsel and scheduled within five days of the service of Defendant's Response to this Request.

>**RESPONSE: Defendant objects to this request to the extent it is overly broad, unduly burdensome, and seeks irrelevant information. Defendant further objects to this Request because it would impose an unreasonable disruption on Defendant's operations.**

44.     Please make the faculty office of Sean Flannery located at Faculty Center 22, Immaculata University, 1145 West King Road, Immaculata, PA 19345 available for inspection on a date and time agreeable to Plaintiff's counsel and scheduled within five days of the service of Defendant's Response to this Request.

>**RESPONSE: Defendant objects to this Request because it is overly broad, unduly burdensome, and seeks irrelevant information. Defendant further objects to this Request because it would impose an unreasonable disruption on Defendant's operations.**

45.     Please make the faculty office of Steven Miles located at Immaculata University, 1145 West King Road, Immaculata, PA 19345 available for inspection on a date and time agreeable to Plaintiff's counsel and scheduled within five days of the service of Defendant's Response to this Request.

        **RESPONSE: Defendant objects to this Request because it is overly broad, unduly burdensome, and seeks irrelevant information.  Defendant further objects to this Request because it would impose an unreasonable disruption on Defendant's operations.**

46.     Please make the faculty office of William E. Watson located at Faculty Center 21, Immaculata University, 1145 West King Road, Immaculata, PA 19345 available for inspection on a date and time agreeable to Plaintiff's counsel and scheduled within five days of the service of Defendant's Response to this Request.

        **RESPONSE: Defendant objects to this Request because it is overly broad, unduly burdensome, and seeks irrelevant information.  Defendant further objects to this Request because it would impose an unreasonable disruption on Defendant's operations.**

47.     Please make the faculty office of William Carr located at Villa Maria - Music Hall 1, Immaculata University, 1145 West King Road, Immaculata, PA 19345 available for inspection on a date and time agreeable to Plaintiff's counsel and scheduled within five days of the service of Defendant's Response to this Request.

        **RESPONSE: Defendant objects to this Request because it is overly broad, unduly burdensome, and seeks irrelevant information.  Defendant further objects to this Request because it would impose an unreasonable disruption on Defendant's operations.**

48.     Please make the art department area, art storage closets and classrooms where art is taught located at 1145 West King Road, Immaculata, PA 19345 available for inspection on a date and time agreeable to Plaintiff's counsel and scheduled within five days of the service of Defendant's Response to this Request.

>     **RESPONSE: Defendant objects to this Request because it is overly broad, unduly burdensome, and seeks irrelevant information.  Defendant further objects to this Request because it would impose an unreasonable disruption on Defendant's operations.**

49.     All documents relating or referring to any communications with any third parties about Plaintiff.

>     **RESPONSE: Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiver of the foregoing objection, Defendant incorporates by reference its response to Request No. 5 as though set forth at length herein.**

50.     All documents you intend on offering as exhibits at depositions and/or at trial of this matter.

>     **RESPONSE: Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request to the extent that it imposes a greater burden on Defendant than that required by the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Defendant reserves the right to offer as exhibits at deposition and/or trial any documents produced on its own behalf in this action or by Plaintiff, as well as any documents yielded by third-party discovery.**

51.     All documents identified in your Initial Disclosures.

>     **RESPONSE: *See* Defendant's document production.**

52.     All documents that are referenced or quoted in Defendant's Answer to the Complaint.

   **RESPONSE:** *See* **Defendant's document production.**

       Respectfully submitted,

       **KAUFMAN DOLOWICH LLP**

    By: */s/ Eileen Monaghan Ficaro*
      Eileen Monaghan Ficaro, Esquire (PA 200830)
      Frantz J. Duncan, Esquire (PA 322966)
      One Liberty Place
      1650 Market Street, Suite 4800
      Philadelphia, PA 19103
      Telephone: (215) 501-7002
      Facsimile: (215) 405-2973
      eficaro@kdvlaw.com
      Frantz.duncan@kdvlaw.com

Dated: November 28, 2023

<u>**CERTIFICATE OF SERVICE**</u>

I, <u>Eileen Monaghan Ficaro, Esquire</u>, hereby certify that on <u>November 28, 2023</u>, I caused

Defendant Immaculata University's Responses to Plaintiff's First Requests for Production of

Documents to be served via Email and First Class mail, postage prepaid, upon the following:

Francine Friedman Griesing, Esquire
Melissa Hazell Davis, Esquire
Jessica L. Tarapchak, Esquire
GRIESING LAW LLC
1880 John F. Kennedy Blvd, Suite 1800
Philadelphia, PA 19103
fgriesing@griesingmazzeo.com
mdavis@griesingmazzeo.com
jtarapchak@griesingmazzeo.com

<u>*/s/ Eileen Monaghan Ficaro*</u>
Eileen Monaghan Ficaro

## **VERIFICATION**

I, Barbara Lettiere, verify that I am authorized to make this Verification on behalf of Defendant Immaculata University, and that the information and statements made in Defendant's Response to Plaintiff's First Requests for Production of Documents are true and correct to the best of my knowledge, information and belief.  I make this Verification subject to the penalties relating to unsworn falsification to authorities.

_Nov. 28, 2023_
Date

_Barbara Lettiere_
Barbara Lettiere

# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIANE GRIMES, | : | |
| | : | |
| Plaintiff, | : | Case no. 2:23-cv-03357-KNS |
| | : | |
| v. | : | |
| | : | |
| IMMACULATA UNIVERSITY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### DEFENDANT IMMACULATA UNIVERSITY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Immaculata University, by and through its counsel, Kaufman Dolowich LLP, responds to Plaintiff's First Set of Interrogatories to Defendant, subject to the following General Objections:

### GENERAL OBJECTIONS

The following general objections apply to each Interrogatory and are incorporated in each specific response. Any response to any Interrogatory is made without waiver of, and is limited by, the general objections made herein.

1.      Defendant objects to each Interrogatory to the extent that it may be construed as calling for information which is subject to a claim of privilege or otherwise immune from discovery, including, without limitation, documents and information protected by the attorney-client privilege and/or the work product doctrine.

2.      Defendant objects to each Interrogatory to the extent that it seeks confidential or privileged information, the disclosure of which could negatively impact Defendant's competitive or business position or result in a breach by Defendant of an obligation to a third party to maintain such confidential information.

3.     Defendant objects to each Interrogatory to the extent that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably expected to yield information relevant to the allegations of the Complaint, to the proposed relief, or to the defenses of Defendant in the above captioned matter.

4.     Defendant objects to each Interrogatory to the extent that it is overly broad, unduly burdensome and/or requires unreasonable efforts or expense on behalf of Defendant.

5.     Defendant objects to each Interrogatory to the extent that it is vague or ambiguous.

6.     Defendant objects to each Interrogatory to the extent that it requires answers beyond the scope required by the applicable rules of civil procedure and evidence.

7.     Defendant objects to each Interrogatory to the extent that it seeks premature discovery of expert testimony.

8.     Defendant objects to each Interrogatory to the extent that it imposes an obligation on Defendant to provide information for or on behalf of any person or entity other than Defendant, and/or seeks information that is not in Defendant possession, custody, or control.

9.     Defendant objects to each Interrogatory to the extent that the information sought is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive than Defendant.

10.     Defendant objects to each Interrogatory to the extent that the burden of deriving or ascertaining the information sought is substantially the same for Plaintiff's as for Defendant.

11.     The following answers are based upon Defendant's current knowledge.  Additional information may be in documents that Defendant has not yet received and/or reviewed, or with witnesses whom Defendant has not yet interviewed and/or deposed.   As a result, Defendant

reserves the right to amend, supplement or change the responses to these Interrogatories with information learned in the course of further investigation or discovery.

Nothing stated herein shall be construed as an admission by Defendant with respect to the admissibility or relevance of any fact or document or as an admission of the truth or accuracy of any characterization of any document of any kind contained in Plaintiff's Interrogatories.

These responses are based upon information available at the present time. Defendant reserves the right to supplement, amend, or correct these responses in the event that future discovery reveals facts that will justify such supplementation, amendment, or correction.

By making information or documents available in response to Plaintiff's Interrogatories, Defendant does not waive or intend to waive any objections which it may have to Plaintiff's use of these documents and/or information and expressly reserves all questions concerning competency, privilege, relevancy, materiality and admissibility of all responses and documents produced and their contents; the right to object to Plaintiff's use of these responses and to produce documents in whole or in part, or to the subject matter covered thereby at a later stage of proceedings on any grounds set forth herein above; and, the right to object on any and all proper legal grounds at any time to discovery procedures involved in or relating to the subject matter of the Interrogatory response of documents made available to the parties.

<u>**ANSWERS TO INTERROGATORIES**</u>

1.      Identify each person that You understand has knowledge of the facts relevant to the subject matter, averments, claims or defenses of this lawsuit, and state for each such person your understanding of what the person knows, whether You intend to call that person as a witness at trial in this matter, and if so, the substance of their anticipated testimony.

> <u>**ANSWER**</u>**: Defendant objects to this Interrogatory to the extent it seeks a legal conclusion, and to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiver of the foregoing objections, the following individuals may have knowledge of facts pertinent to this matter:**
>
> ▪ **Plaintiff Diane Grimes**
>
> **Ms. Grimes has information regarding her employment with Defendant, the circumstances surrounding the office cleaning, her alleged damages, and the falsity of her allegations.**
>
> ▪ **James Spellman**
>
> **Mr. Spellman may have information regarding Plaintiff's employment with Defendant, the circumstances regarding the office cleaning, the falsity of Plaintiff's allegations, and Plaintiff's alleged damages.**
>
> ▪ **Leanne Grimes, Art Assistant**
>
> **Ms. Leanne Grimes may have information regarding Plaintiff's employment with Defendant, the circumstances surrounding the office cleaning, the falsity of Plaintiff's allegations, and Plaintiff's alleged damages.**
>
> ▪ **Barbara Lettiere**
>
> **Ms. Lettiere has information regarding Plaintiff's employment with Defendant, the office cleaning, Defendant's pertinent policies and procedures, and the falsity of Plaintiff's allegations.**
>
> ▪ **Jean Shingle, Ph.D.**
>
> **Dr. Shingle has information regarding Plaintiff's employment with Defendant, the office cleaning,**

4

Defendant's pertinent policies and procedures, and the falsity of Plaintiff's allegations.

- **Sean Flannery, Ph.D.**

    Dr. Flannery has information regarding Plaintiff's employment with Defendant and the falsity of Plaintiff's allegations.

- **Sister Elaine Marie Glanz, IHM, Ph.D.,**

    Sister Glanz has information regarding Plaintiff's employment with Defendant, the office cleaning, the falsity of Plaintiff's allegations, and Plaintiff's alleged damages.

- **Joseph Kalin**

    Mr. Kalin may have information regarding the office cleaning.

- **Angela M. Tekely, Ed.D.**

    Dr. Tekely has information regarding Plaintiff's employment with Defendant, the office cleaning, Defendant's pertinent policies and procedures, Plaintiff's alleged damages, and the falsity of Plaintiff's allegations.

- **Sister Ann Heath, IHM, Ph.D.**

    Sister Heath may have information regarding Plaintiff's employment with Defendant, Plaintiff's removal of items from campus and information regarding Plaintiff's treatment of employees.

- **Robert Ianelli**

    Mr. Iannello may have information regarding Plaintiff's treatment of Defendant's technology services employees.

- **Danielle Conway**

    Danielle may have information regarding Plaintiff's employment with Defendant, Plaintiff's treatment of technology services employees and the falsity of the Plaintiff's allegations.

- **Patricia ("Trish") Dudkiewicz**

  **Ms. Dudkiewicz may have information regarding the office cleaning and Defendant's pertinent policies and procedures.**

- **Sister Rose M. Mulligan, IHM, Ph.D.**

  **Sister Rose may have information regarding the office cleaning and Plaintiff's alleged damages.**

- **University Officer Chris Augustine**

  **Officer Augustine may have information regarding the office cleaning and Plaintiff's alleged damages.**

- **Officer Kemba Daniels,**
  **East Whiteland Township Police Department,**
  **209 Conestoga Rd,**
  **Frazer, PA 19355.**

  **Officer Daniels may have information regarding the office cleaning and Plaintiff's alleged damages.**

**Defendant reserves the right to call any of the above witnesses, as well as any other potential witnesses disclosed by Plaintiff or any third party in discovery in this matter, as witnesses at the time of trial of this matter. Defendant also reserves the right to supplement and/or amend this response at any time, up to and including the time of trial.**

2.    Identify each and every testifying expert you have retained in this matter by name, telephone and address and state their opinions relevant to this matter, their basis of those opinions, their credentials upon which they rely for those opinions, and their hourly rates.

> **ANSWER: Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine. Defendant further objects to this Interrogatory to the extent that it imposes a greater obligation on Defendant than the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Defendant has not yet determined whom it intends to call as an expert witness(es) at the time of trial of this matter and reserves the right to supplement this response.**

6

3.     Identify any individuals, other than your counsel, with whom you or anyone on your behalf has communicated regarding this lawsuit, the subject matter of this lawsuit, or the allegations of the Complaint. For each such individual, identify the nature, contents, and date of each such communication. The response to this Interrogatory should include all individuals from whom You or anyone on your behalf have obtained statements and interviews (written, oral, audio-taped) relating to the relevant subject matter and attach a copy of any such statement or interview.

> **ANSWER: Defendant objects to this Interrogatory to the extent it is overly broad in scope and time, unduly burdensome and seeks confidential information related to non-parties to the litigation. In addition, Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Interrogatory because Defendant is an entity, not an individual, and the Interrogatory as drafted is therefore too vague and ambiguous to render Defendant capable of accurately responding thereto.**

4.     Identify all persons assisting in the preparation of your responses to these Interrogatories.

> **ANSWER: Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request to the extent that it is vague and ambiguous.  Subject to and without waiver of the foregoing objections, Ms. Lettiere and Dr. Tekely assisted in the preparation of response to these Interrogatories.**

5.     Identify all documents of which you have knowledge, which relate to, prove, or disprove any of the allegations set forth in the Complaint or defenses asserted in the Answer; and, if the documents are not in your possession, state with particularity the location and custodian of each such document.

> **ANSWER: Plaintiff objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiver of the foregoing objection, *see* the attached documents being produced by Defendant in response to Plaintiff's First Request for Production of Documents to Defendant. Defendant reserves the right to supplement and/or amend this response at any time, up to and including the time of trial.**

6.      Identify the number and nature of investigations Immaculata has conducted arising out of complaints or allegations made by any Immaculata employee for discrimination, harassment or retaliation against any person. Include in your response the name of the claimant, identification of the individual against whom the claim was made, a description of the claim and a description of the resolution of the claim.

> **ANSWER: Defendant objects to this Interrogatory to the extent it is overly broad in scope and time, it seeks irrelevant information, and it seeks confidential information related to non-parties to the litigation.  Defendant further objects to this Interrogatory because it is vague and ambiguous in that it fails to define "investigations."  Subject to and without waiver of the foregoing objections, in approximately 2013, a former male employee of Defendant filed a Charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), alleging sex and age discrimination associated with his termination.  The PHRC closed the Charge, and no lawsuit was ever filed.**

7.      Identify any training that was provided to any Immaculata employee on discrimination, harassment and retaliation, who attended such training, any materials provided to Immaculata employees related to the training, when it was conducted and who conducted it.

> **ANSWER: Defendant objects to this Interrogatory to the extent it is overly broad in scope and time and seeks irrelevant information.  Defendant further objects to this Interrogatory to the extent that it seeks confidential information regarding non-parties to this action.  Subject to and without waiver of the foregoing objection, *see* the attached documents being produced by Defendant in response to Plaintiff's First Request for Production of Documents to Defendant. Defendant reserves the right to supplement and/or amend this response at any time, up to and including the time of trial.**

8.      Describe in detail the terms of Plaintiff's employment by Immaculata including all compensation and benefits to which she was ever entitled and any conditions to Plaintiff's receipt of such compensation and benefits.

> **ANSWER: Defendant objects to this Interrogatory as it is vague, ambiguous, overly broad, and unduly burdensome in that it seeks information over a 17-year period of time, as well as information already within Plaintiff's possession, custody, or control.  Subject to and without waiver of the foregoing objection, *see* the attached documents being produced by**

**Defendant in response to Plaintiff's First Request for Production of Documents to Defendant. Defendant reserves the right to supplement and/or amend this response at any time, up to and including the time of trial.**

9.      Describe in detail any allegations or complaints made about Plaintiff of any type made related to her employment at Immaculata. Include in Your response the person who made the complaint and whether they had ever been subject to discipline, the person to whom the complaint was made, the date of the alleged conduct, the date the complaint was made, the person to whom it was made, whether there is any documentation of the complaint, and what steps were taken, if any, to investigate the complaint.

**ANSWER: Defendant objects to this Interrogatory to the extent it is overly broad in that it seeks all complaints made about Plaintiff "of any type related to her employment at Immaculata," and seeks confidential information related to non-parties to the litigation.  Defendant further objects to this Interrogatory to the extent that it is vague and ambiguous in that it fails to define "complaints" or "allegations." Subject to and without waiver of the foregoing objection, and without limitation, complaints made related to Plaintiff's employment include, but are not limited to, the following:**

- **September 2015 - Plaintiff filled an Art Assistant position with a relative without prior approval from the Vice President of Academic Affairs.**

- **February 2016 - Plaintiff used an inappropriate tone conduct when dealing with fellow department chairs and staff.**

- **June and August 2016 - Plaintiff used repeated rude and aggressive demeanor towards OTS help desk personnel.**

- **January 2017 - Plaintiff hired an adjunct professor who did not meet the University's educational standards.**

- **August 2017 - Plaintiff failed to meet her responsibilities as Art Director by ensuring that the facilities and supplies were in running order.**

- **September to December 2017 - Plaintiff violated university polices by purchasing office supplies from unapproved retailers.**

9

- **January 2018 - Plaintiff violated university policies for reimbursements.**

- **August 22, 2019, September 19, 2019, and January 15, 2020 - Plaintiff intentionally violated campus policies by placing flyers in unauthorized areas to promote her Study Abroad trip to London and Amsterdam.**

- **February 2019 - Plaintiff attempted to improperly use university funds to cover expenses for an ART 216 trip to Ireland through Explorica.**

- **August 2019 - Plaintiff improperly advised students about how to handle class cancellations.**

- **January 2020 - Plaintiff failed to timely respond to staff concerns about courses and failed to ensure that students had access to course content prior to the start of the course.**

- **March 2020 - Plaintiff abandoned University students during an Explorica study abroad trip in Amsterdam.**

- **March 2020 - Plaintiff failed to coordinate the return of student funds from the London Trip.**

- **March 2021 - Plaintiff failed to advise students of required course textbooks prior to the start of registration for ART 200 Art and Mindfulness and disregarded university polices by not using the master shell in teaching ART 102 Basic Drawing.**

- **October 2022 - Plaintiff adopted a repeated rude and aggressive demeanor towards IT Help Desk staff.**

**Defendant reserves the right to supplement and/or amend this response at any time, up to and including the time of trial.**

10.    Describe in detail and identify any documents reflecting any documents or communications with Professor Grimes regarding the condition and/or contents of her on campus office or the art program area, including any instances in which You contend that Professor Grimes was directed or asked to clean or organize her on campus office or the art program area to dispose of any of the contents thereof or notified that You or someone acting on Immaculata's behalf intended to enter Professor Grimes' office when she was not present for any purpose including without limitation to in any way change, remove, discard, destroy, trash, incinerate or otherwise interfere with the contents of her on campus office or the art program area.

10

**ANSWER: Defendant objects to this Interrogatory to the extent it is unduly burdensome it seeks information to which Plaintiff has equal access. Subject to and without waiver of the foregoing objection, *see* Defendant's document production. Investigation and discovery are ongoing, and Answering Defendant reserves the right to supplement this response.**

11.    With respect to Leanne Grimes, describe in detail and identify any documents relating to courses taught by Leanne Grimes, other work Leanne Grimes provided to Immaculata, compensation paid to Leanne Grimes, changes in the courses she was assigned to teach or the work she was engaged to perform, changes in her compensation, any feedback, reviews or assessments of her performance at Immaculata, and the reasons why Leanne Grimes was no longer assigned to teach courses she previously taught and was removed from any other responsibilities she performed at Immaculata.

**ANSWER: Defendant objects to this Interrogatory to the extent it is overly broad and seeks irrelevant information.  Defendant further objects to this Interrogatory because it seeks confidential information regarding a non-party to this action.**

12.    Identify any committees or groups, whether informal or formal, at Immaculata that have been assigned to or have engaged in a review of the compensation of faculty, and identify the members of any such committee and group, all documents relating to the work or conclusions of such committee or group, including without limitation any reports relating to disparities in compensation between or among tenured faculty.

**ANSWER: Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, it seeks irrelevant information, and it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Interrogatory to the extent that it seeks confidential information regarding non-parties to this action.**

13.    Describe Sister Elaine Marie Glanz's employment history with Immaculata. Include in Your response, her hiring date, qualifications, the terms and conditions of her employment including her responsibilities and the compensation and benefits to which she was entitled to in both her previous and current positions.

**ANSWER: Defendant objects to this Interrogatory because it is overly broad in time and scope.  Defendant further objects to this Interrogatory because it seeks confidential information regarding a non-party to this action.**

11

14.     Identify and describe Your policies and procedures on faculty, administration or other employee discipline when someone at Immaculata violates any such policies and whether Sister Elaine Glanz or anyone else faced any consequences for the entry into Professor Grimes' on campus office during the summer of 2022 and the destruction, incineration, trashing, distribution or other interference with Professor Grimes' personal belongings in her on campus office.

> **ANSWER: Defendant objects to this Interrogatory because it is vague, ambiguous, overly broad, and seeks irrelevant information.  Defendant further objects to this Interrogatory because it seeks confidential information regarding a non-party to this action.   Additionally, Defendant objects to this Interrogatory to the extent that it implies that there was any improper "entry" by Sister Elaine into the office.  Subject to and without waiver of the foregoing objection,** *see* **the attached documents being produced by Defendant in response to Plaintiff's First Request for Production of Documents to Defendant. Defendant reserves the right to supplement and/or amend this response at any time, up to and including the time of trial.**

15.     Identify and describe any and all records of any instance in which Immaculata has ever (not only limited to the period since January 18, 2018) entered Professor Grimes' or any other a faculty, administrative or other employee's office to either "clean", organize, rearrange, or seize, destroy, incinerate, trash, take, distribute or otherwise interfere with the contents of said office. If this has ever occurred, provide the details including (a) the date of said incident; (b) the name and position of the person whose office was entered; (c) the persons who authorized and/or conducted the entry; (d) the disposition of the contents of said office; (d) whether an inventory or other record was made of the contents and state of the office before, during or after the entry; (e) whether the person to whom the office was assigned was notified in advance and the form of such notice; (f) whether the person to whom the office was assigned lodged any complaint regarding the incident; and (g) any compensation provided to the person to who the office was assigned for the loss, discarding, incineration, trashing, distribution, destruction or other interference with the contents of said office.

> **ANSWER: Defendant objects to this Interrogatory to the extent that it is vague and ambiguous.  Defendant further objects to this Interrogatory to the extent that it implies that there was any improper "entry" into the office Plaintiff was sharing with Sister Elaine to "seize, destroy, incinerate, trash, take, distribute or otherwise interfere with the contents" of the shared office.  Subject to and without waiver of the foregoing objections, in August 2022, Sister Elaine cleaned the office she was sharing with Plaintiff.  Plaintiff ignored requests to clean the office and was aware that Sister Elaine planned to clean the office.  Plaintiff elected not to participate in cleaning the office and at no time requested that any inventory be made.**

16.    Describe in detail whether Immaculata has ever requested or ordered any faculty member, other than Professor Grimes, to share, clean or reorganize their office. Include in Your response the identity of the person who made the request, the identity of the person to whom the request was directed, when the request was made, and the basis for the request.

> **ANSWER: Defendant objects to this Interrogatory to the extent it seeks confidential information regarding non-parties to this action. Defendant further objects to this Interrogatory to the extent that it is vague, ambiguous, and overly broad in time and scope.  Additionally, Defendant objects to this Interrogatory to the extent that it implies that Plaintiff was ordered to share an office. Subject to and without waiver of the foregoing objections, unknown.**

17.    Identify and describe the basis for promoting Sister Elaine Marie Glanz to Art Program Director and any documents reflecting feedback on her performance in that role.

> **ANSWER: Defendant objects to this Interrogatory because it seeks irrelevant information.  Defendant further objects to this Interrogatory because it seeks confidential information regarding non-parties to this action, and to the extent it exceeds the needs of this litigation.  Subject to and without waiver of the foregoing objections, *see* Defendant's document production.**

18.    Identify and describe in detail why Immaculata (a) did not make an inventory of everything that was removed from Professor Grimes' on campus office at any time; (b) did not store for safekeeping any items removed; (c) offered Professor Grimes' personal belongings to others to take as they wishes; and (d) determined what items to remove, trash, incinerate, destroy, distribute or otherwise dispose of so that such belongings were no longer available to Professor Grimes. Include in Your response the identity of the person who entered the office, when it occurred, the identity of the person whose office it was, the reason for the unconsented entry and any documentation of such entry.

> **ANSWER: Defendant objects to this Interrogatory to the extent it is overly broad as it assumes facts not in evidence. Defendant further objects to this Interrogatory to the extent it is unduly burdensome as it seeks information to which Plaintiff has equal access.  Subject to and without waiver of the foregoing objections, Defendant incorporates by reference its response to Interrogatory No. 15 as though fully set forth at length therein.**

19.    Identify any Immaculata employee who has access to the keys providing access to all faculty member offices, cabinets, and other locked compartments.

**ANSWER: Defendant objects to this Interrogatory because it is vague, ambiguous, overly broad in time and scope, and seeks irrelevant information. Subject to and without waiver of the foregoing objection, Defendant responds as follows: The University campus is shared space and pursuant to the universities policies, a key to all office spaces is maintained by the university to ensure the safety of university professors, staff, students, and guests.   Defendant reserves the right to supplement and/or amend this response at any time, up to and including the time of trial.**

20.     Identify all facts that you contend support or refute any of the affirmative defenses You asserted in response to the Complaint.

**ANSWER: Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this Interrogatory to the extent that it calls for a legal conclusion. Subject to and without waiver of the foregoing objection, Defendant incorporate by reference its responses to the foregoing Interrogatories.  Defendant also reserves the right to rely on any of the facts yielded by discovery in this action to support its affirmative defenses.  Defendant reserves the right to supplement and/or amend this response at any time, up to and including the time of trial.**

Respectfully submitted,

**KAUFMAN DOLOWICH LLP**

By:     /s/*Eileen Monaghan Ficaro*
Eileen Monaghan Ficaro, Esquire (PA 200830)
Frantz J. Duncan, Esquire (PA 322966)
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
eficaro@kaufmandolowich.com
frantz.duncan@kaufmandolowich.com

Dated: November 28, 2023

14

**CERTIFICATE OF SERVICE**

I, <u>Eileen Monaghan Ficaro, Esquire</u>, hereby certify that on <u>November 28, 2023</u>, I caused

Defendant Immaculata University's Response to Plaintiff's First Set of Interrogatories to be served

via Email and First Class mail, postage prepaid, upon the following:

Francine Friedman Griesing, Esquire
Melissa Hazell Davis, Esquire
Jessica L. Tarapchak, Esquire
GRIESING LAW LLC
1880 John F. Kennedy Blvd, Suite 1800
Philadelphia, PA 19103
fgriesing@griesingmazzeo.com
mdavis@griesingmazzeo.com
jtarapchak@griesingmazzeo.com

*/s/ Eileen Monaghan Ficaro*
Eileen Monaghan Ficaro

## **VERIFICATION**

I, Barbara Lettiere, verify that I am authorized to make this Verification on behalf of Defendant Immaculata University, and that the information and statements made in Defendant's Response to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.  I make this Verification subject to the penalties relating to unsworn falsification to authorities.

Nov. 28, 2023
_____
Date

_____
Barbara Lettiere

# EXHIBIT I

# griesing
## MAZZEO LAW

Melissa Hazell Davis, Esquire
Direct 215.732.3924
mdavis@griesingmazzeo.com

December 5, 2023

Eileen Monaghan Ficaro, Esq.
Kaufman Dolowich & Voluck, LLP
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103

Dear Ms. Ficaro:

I am writing to express my disappointment regarding the paucity of your discovery responses particularly in light of the serial extensions we agreed to and the additional time you took without our consent. That alone amounts to a waiver of your objections which were untimely. However, even if you had timely asserted your objections, they are improper. Notably, your indiscriminate use of boilerplate objections to each and every request is in violation of the rules of the Federal Rules of Civil Procedure (FRCP). While this letter does not enumerate every deficiency, it appears that you have failed to provide *any* meaningful response to Interrogatory Numbers 10, 12, 14, 15, and 17-19 and Document Request Numbers 5, 6, 8-13, 17-22, 24-28, 30-42, and 52. This lack of responsiveness has further compounded the challenges we face.

For example, in response to Interrogatory Number 12 and Request for Production Number 12, related to the compensation of tenured faculty, your objection is based on the information being "irrelevant." This information, however, is directly related to the disparate pay of males and females at the University, an essential part of the discrimination alleged, and is crucial to Plaintiff's damages calculation.

Similarly, in response to Request for Production Numbers 43-48, related to the inspection of areas on Immaculata's campus, your objections citing undue burden, irrelevance, and disruption to operations are challenged. The specificity of the offices identified in Professor Grimes' Request narrows the scope, and the state of offices belonging to similarly situated male Professors is directly relevant to Professor Grimes' gender discrimination claims. Indeed, although the University has been on notice for well over a year that Professor Grimes disputes the claims that her office was hazardous or otherwise not maintained and that the offices of various male colleagues were and remain genuinely unsafe and overcrowded, the inspection will confirm that the University has failed to address worse conditions in the offices of male colleagues. Additionally, in an effort to minimize any potential disruptions during the inspection, we are open to conducting the campus visit either after school hours or at a time agreeable to Defendant.

Case 2:23-cv-02357-KNS   Document 19-1   Filed 01/24/24   Page 84 of 101

Lastly, your objection to Request for Production Number 3, claiming the terms "complaint," "filed," and "grievance" are vague, is perplexing. These are commonly used terms in both employment and higher education matters and it is inconceivable, given your experience, that you and your client do not understand their plain meanings. Further, it is troubling that you object on this basis, when you use the term "complaint(s)" in a similar manner at least 8 times in your interrogatories directed to Professor Grimes. Additionally, Plaintiff's instructions provide: "If in responding to these document requests, you claim any ambiguity in interpreting either the document request itself or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but there shall be set forth as part of your response the language deemed to be ambiguous and the interpretation chosen or used in responding and producing documents responsive to the request." Instead, however, Defendant failed to offer any meaningful interpretation of the terms and failed to produce any responsive documents.

Given the overwhelming number of objections asserted without specificity, we feel it would be more productive for both parties to engage in a meet-and-confer session where we can meticulously go through each Interrogatory and Document Request before escalating the matter to the Court. This will allow you to explain more particularly your objections, as the current boilerplate approach imposes an undue burden on us to sift through your responses and documents to determine which are insufficient and to which requests the documents apply. I am open to scheduling a call at a convenient time for both parties. If you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Melissa Hazell Davis, Esq.

# EXHIBIT J

| From: | Eileen Ficaro |
|---|---|
| To: | Melissa Hazell Davis |
| Cc: | Jessica L. Tarapchak; Fran Griesing; Frantz Duncan |
| Subject: | Re: Grimes v. Immaculata University |
| Date: | Thursday, December 7, 2023 2:32:41 PM |
| Attachments: | image007.png |
| | image009.png |
| | image011.png |
| | image013.png |
| | image015.png |
| | image017.png |
| | image019.png |
| | image021.png |
| | image023.png |
| | image450483.png |
| | image968665.png |
| | image755728.png |
| | image189003.png |

WARNING: This email originated outside of the Firm. DO NOT CLICK links or attachments unless you recognize the sender and *are expecting* the email.

Hi, Melissa.

Thank you for finally confirming the responses with which you take issue.  We will review them so that, as I mentioned in my prior email to you, we can have a meaningful meet and confer.

I can be available to meet and confer on Tuesday, 12/12, at 2:00, or on Friday, 12/15, at 11:00 or 1:00. Please let me know if any of those times work for you.

Best regards,

Eileen

**Eileen Ficaro**
*Partner*
We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue
to receive emails sent to kdvlaw.com for a period of time.



One Liberty Place, 1650 Market Street
Suite 4800
Philadelphia, PA 19103

| Direct: | 267-841-5908 |
|---|---|
| Cell: | 215-353-3139 |
| Email: | eficaro@kaufmandolowich.com |

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.
Please consider the environment before printing.

On Dec 7, 2023, at 2:19 PM, Melissa Hazell Davis <MDavis@griesingmazzeo.com> wrote:

[EXTERNAL SENDER]
Eileen:

We continue to be disappointed by your imposition of roadblocks rather than the timely provision of highly relevant discovery. Your responses are so woefully deficient as to clear and unambiguous requests for plainly relevant documents that virtually every request is at issue. Our proposal to meet and confer to review the requests is appropriate under these circumstances.  Further, my letter specifies an itemized list of the interrogatories and document requests to which you provided essentially no substantive response.  Given your refusal to engage on that basis, here is a list again of the deficient responses followed by a brief statement of the relevance.

As I stated in Plaintiff's Deficiency Letter to Defendant, Immaculata has failed to meaningfully respond in any way to the following discovery requests:

- Interrogatories: 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19.
- Requests for Production Nos: 5, 6, 8, 9, 10, 11, 12, 13, 17, 18, 19, 20, 24, 26, 27, 28, 30, 35, 37, 38, 39, 40, 41, 42, and 43-48.

In addition, Immaculata has failed to adequately respond to the following discovery requests as its current response is woefully deficient:

- Interrogatories: 8
- Requests for Production Nos.: 1; 2; 3; 4; 14; 15; 16; 25; 29; 31; 32; 33; and 34.

We renew our invitation to meet and confer this week.  If we do not receive a meaningful response, we will seek the Courts intervention and the expenses associated with doing so.

Best,
Melissa
Griesing Mazzeo Law
D: 215.732.3924

---

**From:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Sent:** Wednesday, December 6, 2023 12:29 AM

**To:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>
**Cc:** Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>; Fran Griesing
<FGriesing@griesingmazzeo.com>; Frantz Duncan
<frantz.duncan@kaufmandolowich.com>
**Subject:** RE: Grimes v. Immaculata University

WARNING: This email originated outside of the Firm. DO NOT CLICK links or
attachments unless you recognize the sender and *are expecting* the email.

Good evening, Melissa.

Defendant disputes all characterizations or implications that Defendant's Responses to
Plaintiff's Interrogatories and Request for Production of Documents were deficient in
any respect.  Defendant also disagrees that any objections asserted to the requests
were unwarranted or waived.

We are agreeable to scheduling a meet and confer to discuss the discovery responses.
However, a meet and confer will not be productive without prior specification of the
responses with which you take issue and the reason(s) you take issue with them.  Kindly
confirm that the responses you believe are deficient are limited to those set forth in
your December 5, 2023 letter.  If they are not, kindly specify all of the responses with
which you take issue and why, so that we can ensure a meaningful meet and confer.

Best regards,

Eileen


**Eileen Ficaro**
*Partner*
We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue
to receive emails sent to kdvlaw.com for a period of time.

<image007.png>


<image009.png>


One Liberty Place, 1650 Market Street
Suite 4800
Philadelphia, PA 19103

Direct:    267-841-5908
Cell:      215-353-3139
Email:     eficaro@kaufmandolowich.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

Please consider the environment before printing.

**From:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>
**Sent:** Tuesday, December 5, 2023 11:58 PM
**To:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Cc:** Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>; Fran Griesing <FGriesing@griesingmazzeo.com>; Frantz Duncan <frantz.duncan@kaufmandolowich.com>
**Subject:** RE: Grimes v. Immaculata University

[EXTERNAL SENDER]
Eileen – please see the attached correspondence re Defendant's discovery responses and production.

Best,
Melissa
Griesing Mazzeo Law
D: 215.732.3924

**From:** Eileen Ficaro <eficaro@kaufmandolowich.com>
**Sent:** Tuesday, November 28, 2023 6:48 PM
**To:** Melissa Hazell Davis <MDavis@griesingmazzeo.com>
**Cc:** Jessica L. Tarapchak <JTarapchak@griesingmazzeo.com>; Fran Griesing <FGriesing@griesingmazzeo.com>; Frantz Duncan <frantz.duncan@kaufmandolowich.com>
**Subject:** Grimes v. Immaculata University

WARNING: This email originated outside of the Firm. DO NOT CLICK links or attachments unless you recognize the sender and *are expecting* the email.

Melissa,

Attached please find:

1. Defendant Immaculata University's Response to Plaintiff's First Set of Interrogatories; and

2. Defendant Immaculata University's Response to Plaintiff's First Request for Production of Documents.

Below please find links containing Defendant's accompanying document production, bearing Bates labels, DEF_000001 – DEF_000466.  Please note that documents bearing

Bates labels, DEF_000426 – DEF_000466, have been designated as Confidential.

Kindly contact us if you have any problem accessing the above-referenced documents.

Best regards,

Eileen


<image015.png>
Grimes v. Immaculata - Immaculata's Production - Bates 000001-000425.pdf


<image015.png>
Grimes v. Immaculata - Immaculata's Production - Bates 000426-000466 - CONFIDENTIAL.pdf




**Eileen Ficaro**
*Partner*
We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue
to receive emails sent to kdvlaw.com for a period of time.

<image017.png>


<image019.png>


One Liberty Place, 1650 Market Street
Suite 4800
Philadelphia, PA 19103

Direct:    267-841-5908
Cell:      215-353-3139
Email:     eficaro@kaufmandolowich.com

<image021.png>


<image023.png>

PLEASE NOTE: This message, including any attachments, may include privileged, confidential
and/or inside information. Any distribution or use of this communication by anyone other than the
intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient,
please notify the sender by replying to this message and then delete it from your
system.
Please consider the environment before printing.

# EXHIBIT K

# griesing
## MAZZEO LAW

Melissa Hazell Davis, Esquire
Direct 215.732.3924
mdavis@griesingmazzeo.com

December 15, 2023

Eileen Monaghan Ficaro, Esq.
Kaufman Dolowich & Voluck, LLP
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103

      **RE:**   *Grimes v. Immaculata University*
           **Case No. 2:23-CV-03357-KNS**

Dear Eileen:

I am writing following this week's status conference with the Honorable Kai Scott and the Parties continued meet and confer to discuss ongoing discovery issues.

As an initial matter, I am compelled to express my profound disappointment regarding the combative nature of our recent discussions. Specifically, at the start of our call on Wednesday you immediately accused me of slandering your character by stating that some of the representations you made to Judge Scott regarding Plaintiff's production were misleading. We believe that multiple statements made both on Wednesday and at the initial Rule 16 conference to the Court were misleading – that is not slander of your character (and was not intended as such) but was instead a characterization of the statements at issue.

Furthermore, your conduct in stating that you "now understand how [I] operate... making claims against other lawyers" is wholly inappropriate. My colleagues and I have made multiple attempts and have sent a series of letters attempting to reach agreements on several different aspects of this matter. Despite these efforts, we are met with condescension, dismissive remarks, and laughter regarding your belief that my client's claims are absurd and "ridiculous." In the interest of constructive resolution, I am committed to ongoing discussions; however, this letter serves as a notice that belittlement during our interactions will no longer be tolerated.

As we explicitly communicated to you in writing when we served Plaintiff's discovery responses, and as we re-explained on Wednesday, we have requested Plaintiff's medical records and will turn them over as soon as we receive them. We have received records from one of Plaintiff's providers, Mindful Solutions, and have uploaded them to the FTP site. Please let me know if you have any issues accessing these documents. If, however, you prefer to obtain Plaintiff's records yourself, Plaintiff has listed all of her medical providers in her Interrogatory responses and is not opposed to signing a HIPAA release for you to subpoena the records yourself. If this is how you would prefer to proceed, as we stated on Wednesday's call, please send over the HIPAA releases and we will return them

_____

as soon as possible.

Notwithstanding the above, the following outlines our understanding of the current status of Plaintiff's Discovery Requests:

**<u>Interrogatories</u>**

7.    You represented that you will follow-up with your client regarding this Request.

8.    You represented that you will follow-up with your client regarding this Request but it is your understanding that we have a copy of Professor Grimes' complete personnel file.

10.   You represented that you will follow-up with your client regarding this Request but it is your position that DEF_000270 is the only responsive document your client has responsive to this Request.  We remind you it is our position we are entitled to all documents corresponding to Angela Tekely's list, including but not limited to HR reports, written complaints about Plaintiff's performance, HR investigations into any such reports, formal and informal warnings, and write-ups.

11.   You represented you are maintaining your objections and will not agree to produce anything related to Professor Grimes daughter, LeAnne Grimes.  We remind you that it is our position this information is directly related to the University's retaliation against Professor Grimes.

12.   You represented that you will follow-up with your client regarding this Request.

13.   You represented it is your position Plaintiff is not entitled to salary information.  We remind you that it is our position that this information is directly related to Professor Grimes' discrimination claims as, upon information and belief, male faculty members are paid significantly more than her.  To the extent an agreement is not reached, we will move forward with filing the appropriate motion.

14.   You represented that you will follow-up with your client regarding this Request.

15.   You represented that you do not intend to supplement your response to this Request.  We remind you that it is our position this information is directly relevant to whether the University has subjected other male professors to the same intense "cleaning."  To the extent an agreement is not reached, we will move forward with filing the appropriate motion.

Eileen Ficaro, Esq.
December 15, 2023
Page **3** of **6**

_____

16.    You represented that you do not intend to supplement your response to this Request as you have already provided a response of "unknown."

17.    You represented it is your position that DEF_000270 is responsive to this Request.  We have requested the corresponding documents for what is summarized in the list.  To the extent an agreement is not reached, we will move forward with filing the appropriate motion.

18.    You represented that you will follow-up with your client regarding this Request.

19.    You represented that you will follow-up with your client regarding this Request.

**Requests for Production**

1-3.    You represented that you will follow-up with your client regarding these Requests.

4.    You represented that the investigation report produced at CONFIDENTIAL – DEF_000430- 000466 is the only responsive document you have to this Request.

5.    You represented you will provide us with the Bates numbers of the responsive documents.

6-8.    You represented you believe you have produced all responsive documents to this Request and referenced the investigation report produced at CONFIDENTIAL – DEF_000430 – 000466 and Angela Tekely's list produced at DEF_000270.   To the extent no other communications responsive to this Request exist, please state as much.

9.    You represented that you will follow-up with your client regarding this Request.

10.    You represented you believe you have produced all responsive documents to this Request and referenced the investigation report produced at CONFIDENTIAL – DEF_000430 – 000466.  Despite your contention that none of the surrounding art areas are relevant, it is our position that pictures, videos, etc. of the surrounding art areas are relevant as Professor Grimes has also been accused of keeping those areas in an undesirable condition.

11.    You represented that you will follow-up with your client regarding this Request.

12.    You represented that you will follow-up with your client regarding this Request but were unsure if any responsive documents exist.  It is our position

_____

that such documents do exist (as someone at the University has informed Professor Grimes) and that they are directly related to Professor Grimes' discrimination claims as, upon information and belief, male faculty members are paid significantly more than her.  To the extent an agreement is not reached, we will move forward with filing the appropriate motion.

13.     You represented you withheld these documents on the basis of privilege and will provide us with a privilege log indicating as much.

14-16.  You represented that you will revisit these Requests with your client upon receiving designated search terms from us.

17.     You represented that you do not intend to supplement your response to this Request as it cites to your document production containing the investigation report regarding the ransacking of Professor Grimes' office.  You have also made the general objection that "it seeks documents to which Plaintiff has equal access."  While we have a copy of the investigation report, the Request was asking for the actual documents and items removed from Professor Grimes' office.  We remind you of our position that none of the items removed from Professor Grimes' office have been produced to us or returned to Plaintiff.  To the extent you have no responsive documents or things in your possession and that they have all been destroyed or given away, please indicate as much.

18.     You represented it is your position that DEF_000270 is responsive to this Request.  We have requested the corresponding documents for what is summarized in the list.  To the extent an agreement is not reached, we will move forward with filing the appropriate motion.

19.     While we did not discuss this Request during our meet and confer, please confirm we have all responsive documents to this Request.

20.     You represented you are maintaining your objections and will not agree to produce anything related to Professor Grimes daughter, LeAnne Grimes.  We remind you that it is our position this information is directly related to the University's retaliation against Professor Grimes.

24.     You represented that you will follow-up with your client regarding this Request.

25.     You represented that you will follow-up with your client regarding this Request and to ensure we have received a complete copy of Professor Grimes' personnel file.

26.     You represented you are maintaining your objections and will not agree to produce additional documents responsive to this Request.  We remind you that it is our position this information is directly related to the University's

_____

stated reasoning for demoting Professor Grimes.

27.     You represented it is your position that DEF_000270 is responsive to this Request. We have requested the corresponding documents for what is summarized in the list. To the extent an agreement is not reached, we will move forward with filing the appropriate motion.

28.     You represented you are maintaining your objections and will not agree to produce additional documents responsive to this Request. We remind you that it is our position this information is directly related to the University's history of discriminatory treatment towards women.

29.     You represented that you will follow-up with your client regarding this Request and to ensure we have received a complete copy of Professor Grimes' personnel file.

30.     You represented that you are unsure as to whether any responsive documents for this Request exist but will follow-up with your client.

31-35.  You represented that you will follow-up with your client regarding supplementing your production with additional policies and training procedures.

37-42.  You represented that you will follow-up with your client regarding these Requests.

43-48.  You represented that you do not intend to supplement your response to this Request. We remind you that it is our position that the state of Professor Grimes' comparators' offices is directly related to Professor Grimes' Discrimination claims because, upon information and belief, male faculty members with offices in conditions similar to hers were not subject to then or now the same level of "cleaning" and that the University routinely overlooks hazardous conditions in the offices assigned to male faculty. We informed you in our December 5, 2023 letter that we are agreeable to conducting the investigation at a time that is least intrusive to Defendant. To the extent an agreement is not reached, we will move forward with filing the appropriate motion.

49.     You represented you believe you have produced all responsive documents to this Request and referenced the investigation report produced at CONFIDENTIAL – DEF_000430 – 000466.

Lastly, during the conference Wednesday, Judge Scott expressed her preference that a settlement demand be made as soon as possible. Given the fact that we are not currently in possession of any documents or information related to Immaculata's pay structure or the compensation of similarly-situated male tenured professors, it is nearly impossible for Plaintiff to formulate an informed calculation of damages at this time. However, during our

Eileen Scazafabo, Esq.
December 15, 2023
Page **6** of **6**

_____

continued meet and confer, you informed us that you will circle back with your client regarding this information. In light of that commitment, we represent to you that as soon as we receive the complete compensation information requested in Plaintiff's Requests for Production (see Request No.12) we commit to getting you a demand within ten (10) business days of receiving the responsive documents.

      I anticipate your collaboration on this matter and hope to proceed amicably. Please let me know if this letter does not serve as an accurate representation of our conversations as to any of the above-enumerated discovery responses and/or if you have any questions.

      Sincerely,

      Melissa Hazell Davis, Esq.

# EXHIBIT L

**griesing**
**MAZZEO** LAW

Melissa Hazell Davis, Esquire
Direct 215.732.3924
mdavis@griesingmazzeo.com

January 12, 2024

Eileen Monaghan Ficaro, Esq.
Kaufman Dolowich & Voluck, LLP
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103

　　　　　**RE:**　　*Grimes v. Immaculata University*
　　　　　　　　　**Case No. 2:23-CV-03357-KNS**

Dear Eileen:

　　　　I write to bring to your attention two serious matters:

　　　　Firstly, we are deeply disappointed by Immaculata's continued evasion of the discovery process. During our Status Conference with Judge Scott on December 13, 2023, you assured both us and the Court of your commitment to address discovery matters in good faith. Despite the passage of approximately one month since our last meet-and-confer and the subsequently sent detailed correspondence (which was never even acknowledged), we have not received any of the promised responses or its supplemental production; instead, we have been met with radio-silence.[1] In light of this, we kindly request that you provide the outstanding discovery responses by the end of next week. Failure to do so will result in us filing a motion to compel with the Court.

　　　　Secondly, and as we assume your client was notified by the EEOC, our client has received a right-to-sue letter for her claims filed under the ADA. Given the apparent overlap of parties and discovery, we intend to seek leave from the Court to supplement the pending action. Attached herewith, please find the proposed supplemental complaint for your consideration. Please let us know by **Wednesday, January 17th** whether you intend to oppose the motion so we can inform the Court if it is unopposed. If we do not receive a response from you by the end of the day on the 17th, we will proceed with filing the motion and you will have the opportunity to respond in due course.

　　　　I look forward to hearing from you, and I am happy to discuss over the phone if you prefer.

---

[1] We do not intend for this statement to apply to the Discovery Requests (Requests for Production 14-16) for which we recently provided a list of proposed search terms.

Eileen Ficaro, Esq.
January 12, 2024
Page **2** of **2**

_____

Sincerely,

Melissa Hazell Davis, Esq.

Enclosure
cc:      All Counsel of Record