IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE GRIMES | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 2:23-cv-3357-KNS |
| IMMACULATA UNIVERSITY | : |
| Defendant. | : |

## STATUS REPORT

1. **Is the case ready for trial? If not, why not?**

   <u>Plaintiff's Position:</u>

   Plaintiff does not believe this case is ready for trial. Among other things, Plaintiff has not yet received some of the documents necessary to compute a damages award or conduct meaningful depositions, was not permitted to inspect the premises at issue, and has recently served additional discovery requests on Defendant related to her supplemented disability discrimination and retaliation claim to which responses are due on March 13. Moreover, while depositions have been noticed, the parties have not scheduled depositions and have not exchanged export reports.

   <u>Defendant's Position:</u>

   Defendant disagrees that Plaintiff lacks sufficient information to communicate a settlement demand in this matter, and with Plaintiff's characterization of Defendant's discovery responses. However, Defendant agrees that this case is not ready for trial. Within the past month, Plaintiff amended her Complaint and asserted new claims against Defendant, prompting Plaintiff, just days ago, to serve supplemental discovery requests on Defendant and necessitating additional document requests directed to Plaintiff. To date, Defendant has not received from Plaintiff all documents necessary to defend itself from either a liability or damages perspective. Further, depositions need to be completed and expert reports exchanged.

2. **What discovery has been completed and what remains to be done?**

   <u>Plaintiff's Position:</u>

   To date, the parties have exchanged and answered written discovery; however, Defendant's responses to Plaintiff's Interrogatories and Requests for Production were inadequate. Despite

1

multiple attempts to resolve these issues, Plaintiff maintains she is still entitled to supplemental interrogatory responses, inspection of the premises at issue, and additional document production.

Moreover, despite Plaintiff's previously-pending Motion to Compel Discovery Responses and Entry to the Premises Located At 1145 West King Road in Immaculata, Pennsylvania and to Extend by Sixty Days All Scheduling Order Deadlines (ECF No. 19), on January 5, 2024 Plaintiff noticed depositions to preserve her rights to proceed before the current February 26, 2024. Defense counsel advised Plaintiff's counsel that counsel and Defendant's witnesses are unavailable for the previously scheduled dates, resulting in the postponement of the depositions Plaintiff noticed. Currently, no new deposition dates have been arranged and all depositions are outstanding, but Defendant agreed that it would not oppose or object to Plaintiff conducting those depositions after February 26 and would not oppose a 60-day extension of the discovery and other deadlines so the parties can complete discovery. Plaintiff served its initial discovery on October 10, 2023 and needs all of the outstanding written discovery from Defendant to conduct the noticed depositions.

Defendant's Position:

Defendant disagrees with Plaintiff's characterization of Defendant's discovery responses, for the reasons set forth in opposition to Plaintiff's recent Motion to Compel Discovery and Inspection. However, although the parties have substantially completed written discovery, some outstanding written discovery remains. For example, days ago, Plaintiff served supplemental document requests on Defendant pertaining to the new claims Plaintiff inserted into this matter less than one month ago. Plaintiff also still has not produced all of Plaintiff's medical records or financial information demanded from Plaintiff.

Additionally, depositions must be completed. Plaintiff's counsel unilaterally scheduled depositions of defense witnesses in this matter for dates on which undersigned counsel had conflicts due to depositions scheduled in another matter. Defense counsel advised Plaintiff's counsel of this conflict and suggested that written discovery should be complete before any witnesses are deposed, to which Plaintiff's counsel seemed to agree. Defense counsel and Plaintiff's counsel also discussed potential mid-March deposition dates. Finally, Defendant consented to seeking a 60-day extension of the case management deadlines in this matter.

3. **Will the parties benefit from a settlement conference? If so, when will you be ready?**

Plaintiff's Position:

While Plaintiff is always willing to attend a settlement conference and sees the benefit in doing so, she maintains the position that in order to make a demand and to assess any settlement offer she needs responses to the outstanding written fact discovery and believes it would be productive at that time and before the parties incur the expense of depositions.

Defendant's Position:

Defendant remains willing to attend a settlement conference in this matter. To date, however, Plaintiff has failed to communicate a settlement demand. Moreover, Defendant

disagrees that Plaintiff lacks sufficient information at this juncture (or even months ago) to communicate a demand.

   **4. Do the parties consent to the jurisdiction of a magistrate judge?**

   Plaintiff's Position:

   Plaintiff consents to the jurisdiction of a magistrate judge for settlement purposes only.

   Defendant's Position:

   Defendant consents to the jurisdiction of a magistrate judge for settlement purposes only.

|  |  |
|---|---|
| Dated: February 19, 2024 | Respectfully submitted, |
|  | **GRIESING MAZZEO LAW, LLC** |
|  | */s/ Melissa H. Davis* <br> Francine Friedman Griesing, Esq. <br> Melissa Hazell Davis, Esq. <br> Jessica L. Tarapchak, Esq. <br> Attorney I.D. Nos.: 48982, 318298, 333122 <br> 1880 John F. Kennedy Blvd., Suite 1800 <br> Philadelphia, PA  19103 <br> Tel.: (215) 618-3720 <br> Fax: (215) 814-9049 <br> fgriesing@griesingmazzeo.com <br> mdavis@griesingmazzeo.com <br> jtarapchak@grieisngmazzeo.com <br> *Attorneys for Plaintiff Diane Grimes* |
|  | **KAUFMAN DOLOWICH & VOLUCK, LLP** |
|  | */s/ Eileen Monaghan Ficaro* <br> Gregory S. Hyman, Esq. <br> Eileen Monaghan Ficaro, Esq. <br> Frantz J. Duncan, Esq. <br> *Counsel for Defendant,* <br> *Immaculata University* |